ALBANY,<br>Jan. 1833.<br>Hackley<br>v.<br>Sprague.

New trial denied.

---

## HACKLEY *vs.* SPRAGUE.

In an action by the endorsee of a promissory note against the maker, *usury* may be set up as a defence, unless it be shewn that the plaintiff is an innocent holder for valuable consideration, and *became possessed of the note before maturity.*

The maker is not precluded from setting up the defence of usury against the endorsee, if the note was made and became payable previous to 1st January, 1830, although transferred after the revised statutes went into effect, and for a valuable consideration.

THIS was an action of *assumpsit,* tried at the Herkimer circuit in March, 1831, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff sued as the *second endorsee* of a promissory note, for $350, made by the defendant, bearing date 10th February, 1828, payable in 90 days to the order of Sprague and Dann, endorsed by them to *William Small,* and by Small transferred to the plaintiff.   The defendant offered to prove that the note was made for the accommodation of the payees, and that they obtained it to be discounted by Small, at an usurious rate of interest.   To bar this defence, the plaintiff offered to prove and did prove, that the note was transferred to him by Small, since the 1st January, 1830, and that he paid a valuable consideration for the same.   On this evidence being given the judge ruled that the defence of usury could not be set up to bar the plaintiff's recovery, and rejected the evidence offered by the defendant, who excepted to the decision of the judge.   The jury found a verdict for the plaintiff, which the defendant now moves to set aside.

*J. A. Spencer,* for the defendant. It will not be pretended but that previous to the revised statutes the defence set up in this case was available. The note having been transferred when over-due, the plaintiff took it subject to every defence existing against it, in the hands of Small, who discounted it. 1 *Johns. C.* 51, 169, 331. 3 *id.* 29. 2 *Caines' C. in Er.* 302. 2 *Caines' R.* 369. 3 *id.* 213. 1 *Johns. R.* 319. 2 *id.* 300. 5 *id.* 118. 7 *id.* 70. 8 *id.* 454. By the law of the land as it existed when the note was made, and when it became due, it was utterly void, and can it be that by a statute subsequently passed, vitality can be given to such an instrument? When the revised statutes went into operation the defendant had the right to set up the defence of usury, and of that right he cannot be deprived. A statute cannot operate retrospectively. 1 *Black. Comm.* 46. 7 *Johns. R.* 477, 493.

*I. L. Wendell,* for the plaintiff. The only effect of purchasing a note over-due, is, that the purchaser takes it subject to such defences as would have been valid against the previous holders; such as payment, set-off or want of consideration. Usury is not a defence to which he is exposed in consequence of taking the note after maturity, for such defence is equally available to the defendant, whether the note is transferred before or after the time of payment. The fact of the plaintiff having become the holder of the note after maturity, does not therefore affect the question. Whether the defence of usury can be set up, depends upon other considerations. The revised statutes have wholly changed the law as to *bona fide* holders of bills of exchange and promissory notes in respect to the defence of usury, and it can no longer be set up against them. It is expressly enacted that the section declaring all usurious bonds, bills, &c. void, shall not extend to any bills of exchange or promissory notes payable to order or bearer, in the hands of an endorsee or holder who shall have received the same in *good faith* and for *valuable consideration,* and who had not at the time of discounting the bill or note or paying such consideration for the same, *actual notice* that the bill or note had been originally given for an usurious consideration, or upon an usurious contract. 1 *R. S.* 772, § 5. The judge at the circuit therefore decided or-

rectly in ruling that the evidence of usury in the creation of the note was inadmissible in this case. The statute extends to all notes in the hands of an endorsee, whether transferred *before* or *after* maturity. The plaintiff here shewed that he had paid a *valuable consideration* for the note in question, and was therefore a *bona fide* holder. The negative that he had not had *actual notice* of the usury, he could not be required to prove, and unless notice was brought home to him by the defendant he was entitled to the protection of the statute.

*By the Court*, Savage, Ch. J.   When the note declared on was made, and when it became due, it was void for usury; and the defendant had a right to set up that defence against any person holding the note, though he received it in the usual course of business, *bona fide*, and for valuable consideration. At common law the maker is entitled to the same defence against a *bona fide* holder for valuable consideration as against the payee, where the note has been transferred after due. The note being void by statute, that constituted a good defence against the payee, independent of the statute provision which avoids usurious paper in the hands of an innocent holder.

But the revised statutes are supposed by the plaintiff's counsel to defeat this defence altogether in favor of the endorsee, since the 1st January, 1830. The revised statutes, (1 *R. S.* 772, § 5,) after declaring all usurious bonds, bills, &c. void, add, "But this section shall not extend to any bills of exchange or promissory notes payable to order or bearer, in the hands of an endorsee or holder, who shall have received the same in good faith and for valuable consideration, and who had not at the time of discounting such bill or note, or paying such consideration for the same, actual notice that such bill or note had been originally given for an usurious consideration, or upon an usurious contract. It is presumed that the intention of the legislature was to protect the innocent holder for valuable consideration, who had received the note in the usual course of trade, *before it was due.* The law merchant goes no farther in any case when the maker has a legal or equitable defence, as against

ALBANY,
Jan. 1833.

Merritt
v.
Benton.

the payee; and when the legislature declare a note void, they surely intend to extend the same defence to the maker which he would have if he had paid the note to the payee. The true construction of this section is, that usurious paper shall not be avoided in the hands of an innocent holder for value paid, when received in the usual course of business, that is, before it arrives at maturity. If it is transferred afterwards, the holder takes it as he does all other negotiable paper, subject to any defence which the maker has as against the payee. But even if the statute were to be construed as the plaintiff contends, it could not apply to this case; all statutes are to be construed prospectively, and not retrospectively, unless they are otherwise incapable of a reasonable construction. Such is not the case here. To give this statute a retrospective construction, would be creating a valid contract out of one which was void when the statute was passed. This I apprehend is beyond the power of the legislature, had they intended such a consequence. On both these grounds the plaintiff must fail.

New trial granted; costs to abide event.