health was such that the safety of her life required that she should spend the winter months either in the West Indies or in the Southern States, the vice chancellor ordered a gross sum of $400 to be paid to her for the expenses of her journey and board for four months,and that her former allowance for ad interim alimony should in the meantime be suspended. The husband's income was about $2000 a year. The complainant appealed.

A. TABER, for the appellant, insisted that the court was not authorized to make an allowance to the wife for that purpose.

E. SANDFORD, for the respondent, insisted that the allowance was proper, and the sum allowed was no more than the affidavits showed that her necessary expenses for board and passage money would be, without allowing any thing for clothing in the meantime.

The Chancellor affirmed the order with costs.

*Abraham J. Harrington and wife* v. *James Becker et al.*(\*) M. FAIRCHILD, for defendant Crary ; C. F. INGALLS, for complainants. Application by one of the defendants to dismiss the bill for want of prosecution. The Chancellor decided that where a suit abates by the death of some of the defendants before decree, the proper course for the survivors, if they wish to speed the cause, is to move for an order that the complainants revive the suit within such time as shall be directed by the court, or that their bill be dismissed with costs.

<div style="float:right">Method of speeding cause which has abated.</div>

Motion to dismiss bill denied. Order directing that complainants cause suit to be revived against purchaser within ninety days, or that their bill be dismissed with costs as against the defeudant Crary ; unless the purchaser prevents the revival within that time by getting the usual time to answer the bill of revivor and supplement extended by order.

*Philander Hartson* v. *Ira Davenport.*(†) This was an appeal from an order of the vice chancellor of the seventh circuit allowing complainant to amend his bill. The object of the bill was to have a bond and mortgage which was alleged to be usurious, delivered up and cancelled. It contained a prayer for an injunction to restrain the defendant from proceeding in a suit at law upon his

(\*) Decided January 9, 1847.  |  (†) Decided January 13, 1847.

bond. It appeared from the bill that the complainant had conveyed a small portion ot the mortgaged premises to another person. The defendant demurred to the bill on the ground that such person was not made a party to the suit. The complainant then applied for leave to amend his bill by making such purchaser a party. The vice chancellor allowed the amendment, on payment of the costs of the demurrer, and the motion.

R. B. VAN VALKENBURGH, for the appellant, insisted that as it was an injunction bill, and showed on its face that the purchaser was a necessary party, he should have been made a party in the first place. He also insisted that as the object of the bill was to set aside and cancel a mortgage as usurious, the complainant should not be permitted to amend his bill upon any other terms than that of paying the amount loaned, with interest.

J. A. COLLIER, for respondent, was stopped by the court.

An injunction will not be granted to stay a suit at law upon a bond, on the ground that it is alleged to be void for usury.

The Chancellor said that though an injunction was prayed for, it was evident that no injunction could properly be granted to restrain the suit at law upon a bond; as the complainant had a perfect defence at law, and no discovery was asked for. He said, however, that if the mortgage was usurious, and a cloud upon the complainant's title, he had a right, under the act of 1837, to come into this court for the purpose of having it cancelled; but that this would not entitle him to an injunction to prevent the mortgagee from suing at law on the bond; unless a discovery was necessary or there was some other obstacle to the making of the defence there.

If a mortgage is usurious, mortgagor may file a bill to have it cancelled.

Terms on which technical defects will be allowed to be corrected.

The Chancellor said the order of the vice chancellor was also right, as to the terms upon which the complainant was allowed to amend. That where a party has lost the opportunity to set up a mere technical or unconscientious defence, by some slip, and comes to the court for a favor which it is necessary should be granted to him to enable him to set up the defence, the court should require him to do equity, as a condition of granting the favor. But that in this case, the refusal of the amendment would not prevent the complainant from getting rid of the usurious security, but would merely subject him to the useless expense of filing a new bill.

The order appealed from was therefore affirmed with costs.