386     NEW-YORK PRACTICE REPORTS.

Morewood and others agt. The Corporation of New York.

## SUPREME COURT.

MOREWOOD AND OTHERS agt. THE CORPORATION OF NEW YORK.

A *street commissioner's notice* is not necessary or required, at all, where the corporation of New York city order and direct the *pitching* and *paving* of the *streets, side walks, &c.* of the city to be done and assessed to the owners interested. The law gives the *corporation* entire control and discretion in the matter.

Where *fraud* is alleged, in doing the work, through the combination of the *contractor* with the *inspector*, and there has been a hearing of the matter, by all parties, before a committee of the common council, and no *appeal* or *certiorari* taken from their determination, and that determination having been confirmed, the *corporation* can not be reached, collaterally, by *action* for such alleged fraud, nor the proceedings be disturbed.

Where the *assessors*, appointed by the common council, to apportion and assess the expenses of such work, to the several persons interested, *all* certify the assessment to the Common council, and it is thereupon *ratified*, it is "*binding and conclusive.*" It is then too late to raise the objection that *all* the assessors did not literally *act.*

*New York Special Term, January* 1851. This is a complaint arising out of an assessment for the expense incurred by the corporation in flagging the sidewalks of the plaintiffs in 17th street, between the 5th and 6th avenues.

The plaintiffs ask that the assessment be declared void; that all proceedings to collect the sums assessed be perpetually stayed by injunction; and that they be relieved from any payment on account of the work, and their lots discharged from the apparent lien created by the proceedings, or (to use their own language) from "the cloud" which has been made to overhang their title, and which embarrasses them in the disposal of their property.

The main grounds of complaint are, 1st: That the plaintiffs were "deceived and misled" by the street commissioner's notice, calling for objections to a proposition for flagging only four feet in width, to which they had no objection, and then, without further notice, changing the plan into one of fourteen feet, to which they had great objections.

2d. That the work was badly done, and not in conformity with the contract; that the price was unreasonable for such work; that

Morewood and others agt. The Corporation of New York.

there was collusion between the contractor Wilson, and Brooks the inspector; and that the certificate of the latter, that the contract had been fulfilled, was false and fraudulent.

3d. That one of the assessors was, without law, removed, and another put in his place.

4th. That only one of the assessors, instead of the three, acted in making the assessment, although the whole number signed the return.

5th. That the common council confirmed the assessment with full notice that Brooks's certificate was false, and that the contract had not been complied with on the part of the contractor.

C. T. CROMWELL, *for Plaintiffs.*

H. E. DAVIES, *for Defendants.*

ROOSEVELT, Justice.—Some of these, it is not to be disguised, are grave charges.

As to the first, the street commissioner was certainly very remiss in misleading the parties by the notice he published. But the law required, strictly, no notice at all. The corporation, by the very terms of the law, were made the judges of the necessity or expediency of " ordering and directing the pitching and paving of the streets of the city," and divers other matters relating to the health and comfort of its inhabitants. And in all cases, where they deemed it necessary for the more speedy execution of their determinations, they were authorized " to cause all such works as might be necessary for any of the purposes aforesaid, to be executed and done at their own expense, on account of the persons respectively upon whom the same might be assessed," &c.

However reprehensible, therefore, may have been the carelessness of the street commissioner, it can not invalidate the ordinance which directed the work to be done.

-Next, as to the fraudulent conduct of the contractor and inspector. There is no dispute on this point as to the mere fact. There is a fair presumption, also, that these two persons conspired together to slight the work and divide the profits between them. The verdict of the jury is substantially to this effect. But the plaintiffs knew all this before the assessment was confirmed. They so admit in their complaint. They go further, they allege

Morewood and others agt. The Corporation of New York.

that they put in a remonstrance, and were heard before a committee of the common council; that they made out a clear case of fraud, and that one or more of the members even personally examined the premises, and saw and knew the fraudulent manner in which the contract had been executed. The committee, notwithstanding decided against interfering with the assessment, and the common council confirmed their decision.

Thus it will be seen that the parties have already once been heard before a competent tribunal. They brought forward, or should have brought forward all their objections. After full hearing, the case, most unjustly they allege, was decided against them. Still they did not appeal; they sued out no writ of *certiorari* to review the objectionable determination. Can they now collaterally call that determination in question? The court think not. Had fraud been charged on the part of the corporation itself, and not only charged but proved, the case might have presented a different aspect. Fraud vitiates even the most solemn judgments. But the plaintiffs have adduced no such proof. All they have shown is that the corporation was cheated.

Next, as to changing one of the assessors, and as to all three *not acting.*

The law after authorizing the corporation, in these cases, to cause the work to be done, provides for making, under their direction (§ 175, 270) " a just and equitable assessment of the expense among the owners or occupants of all the houses and lots intended to be benefited thereby in proportion, as nearly as may be, to the advantage which each shall be deemed to acquire." The word assessment is obviously used in the same sense as apportionment. To apportion the expense justly and equitably, is the end to be accomplished; and for this purpose the corporation it is further provided " shall appoint such skillful and competent disinterested persons as *they* shall or may *think proper.*" No particular number is required. That, as well as the selection, is left entirely to the discretion of the common council. Before entering upon their trust, they are to take an oath " to make the estimate and assessment fairly and impartially, according to the best of their skill and judgment." There is no complaint in this case that they did not do so. The apportionment we are to

Morewood and others agt. The Corporation of New York.

assume, therefore, was just and fair.   But it is said they did not " all act " in making it.   All joined in " certifying the same in writing," to the common council.   But that, it is said, was not enough.   The common council, moreover, " ratified " the proceeding.   But that too, it is said, did not cure the defect.   And when the law declares that the assessment so ratified, " shall be binding and conclusive," these words also, it is said, mean nothing, and judicial opinions are cited to give color to the doctrine.

I am satisfied they mean more than nothing—they mean something; and as the expressed will of the legislative branch of the government, confessedly within its constitutional power, are binding and conclusive on the judiciary.

Were the question of acting or not acting, open for consideration it would appear from the evidence that all the three " persons appointed " to make the apportionment (which in these cases, it should be borne in mind, is little more than a mere operation of figures), if they did not literally *act* did certainly participate in the consultation and concur in the result.   And as it is not pretended that the plaintiff suffered any injury from the alleged omissions of the assessors, the mere technical objection would be no ground for an injunction to stay the proceedings.

The plaintiffs in this case, it is conceded, have derived some benefit—their side walks have been flagged at the expense of the general tax payers—and this " expense," the law says (§ 271), shall be " a *real incumbrance* upon the houses and lots " assessed, and the repayment, with interest and costs, " enforced in like manner as if the said houses and lots were *mortgaged* to the mayor, aldermen and commonalty for the payment thereof."   Is there any equity then, as between the plaintiffs and the general tax payers, in asking that this mortgage should be cancelled, without any offer or even promise to refund the amount expended, or even so much as should, upon investigation, be found to be no more than equal to the benefit received.

The preliminary injunction is dissolved, and the complaint dismissed, but without costs.