## Booth *against* Swezey and others.

In an action brought by the assignee of a bond and mortgage against the mortgagor, the latter can not give in evidence the declaration of the mortgagee made prior to his assignment of the mortgage, to show that it was given upon a usurious loan.

In order to show the usurious character of a mortgage, it is not sufficient to show that at the time it was given a less sum than the amount of its condition was paid by the mortgagee to the mortgagor. There must be evidence of an agreement or intention to reserve more than the lawful interest.

This action was brought to foreclose a mortgage made by the defendant, Moses Swezey, to James C. Reeve, on the 22d of June, 1842, to secure the payment of $500. The mortgage had been assigned to the plaintiff. The answer admitted the making of the mortgage, but alleged that it was given upon an usurious loan, and that no more than $450 was loaned, and the remaining $50 was reserved as an usurious premium upon the loan. The reply denied the allegations of the answer as to the usury. The action was tried before Mr. Justice Brown and a jury, at the Orange Circuit, in December, 1850. On the trial, Daniel F. Quinby, testified that he was present at the delivery of the mortgage: that there was $450 given for the mortgage: that he received the money and saw it all counted, and saw nothing else given for the mortgage, nor was anything else talked about in his presence: that the defendant

Booth *against* Swezey.

Swezey owed him more than $450, and he expected to receive $450 from him on that day, and was present for the purpose; and that he did not know whether Swezey was at the time indebted to Reeve, nor whether Reeve paid him anything, before the witness was present.

The defendant offered to prove by the witness the declarations of Reeve the mortgagee, made previous to his assignment of the mortgage in regard to its usurious character. They were objected to by the plaintiff, and the evidence was excluded and an exception taken.

The justice charged the jury, that to constitute usury so as to avoid an obligation, a corrupt agreement to pay and receive more than the lawful rate of interest, must be proved: that the mere omission of Reeve to pay all the $500 at the time of the execution of the bond and mortgage, in the absence of any agreement, did not make out the usury: that it was fair to presume from the facts testified to by Quinby, that the defendant owed Reeve $50 at the time of making the mortgage, or that the $50 was paid to the defendant at some other time: that if the defendant had set up a want of consideration in the bond and mortgage to the amount of $50, he should instruct the jury, that if they found that only four hundred and fifty dollars had been paid for the bond and mortgage, to find for the plaintiff that amount only; but the defence set up was usury, and the evidence, in his opinion, falling short of proving that defence, if they found for the plaintiff they must find the whole amount of the bond, with interest. The defendant then asked the justice to charge the jury, that if they found that at the time of the delivery of the bond and mortgage, Reeve did intentionally withhold $50, it was evidence unexplained of a corrupt and usurious agreement. He declined so to charge, but instead thereof, charged that the presumption was in favor of the legality of the transaction — to which refusal, and to the whole charge, the defendant excepted.

The jury found a verdict for the plaintiff for $585·69,

upon which a judgment was entered, which, upon appeal, was affirmed at a general term in the second district, in July, 1851. The defendant appealed to this court.

*M. Swezey,* appellant in person.

*B. F. Dunning* for respondent.

MORSE, J. Upon the trial, the defendant offered to give in evidence "the declarations and admissions of Reeve, the mortgagee, made previous to his assignment of the mortgage, in regard to the usurious character of the bond and mortgage." To this the plaintiff objected, the judge refused to receive the evidence, and the defendant excepted. After the testimony was closed and the judge had delivered his charge to the jury, the defendant requested him to charge them, that if they found that at the time of the delivery of the bond and mortgage, Reeve intentionally withheld fifty dollars, it was, if unexplained, evidence of a corrupt and usurious agreement." The judge refused so to charge the jury, but instead thereof charged them that "the presumption was in favor of the legality of the transaction;" to which refusal, and to the whole of the charge, the defendant excepted. The exception to the refusal of the judge to charge as requested is sufficiently pointed There was but a single request. The exception to the charge as made, is entirely too general to be of any avail to the defendant, and must be disregarded.

It follows that there are only two questions which can be considered in this court upon the bill of exceptions in this cause. First, can the maker of a bond and mortgage, in an action against him by the assignee thereof, give in evidence upon the trial the declarations and admissions of the mortgagee, made before the assignment, to prove them usurious and void? Secondly, was the intentional withholding from the mortgagor by the mortgagee of fifty dollars of the sum expressed in the condition of the bond and

Booth *against* Swezey.

mortgage, made to secure the payment of five hundred dollars, with lawful interest, if unexplained, evidence of a corrupt and usurious agreement? The manner in which the term evidence was used by the defendant in his request of the judge to charge, evidently shows that it was intended to be used in the sense of proof, or full and sufficient evidence, so that a verdict given against the defence of usury upon that evidence alone and unexplained, would be set aside as against the weight of evidence.

The rule of the law of evidence which excludes hearsay testimony is too familiar to require explanation or illustration. It is a rule of great practical value, and should be applied to all cases which fairly fall within its provisions. It has been applied by the judge at the circuit on the trial of this cause. If the case was a proper one for the application of the rule, the decision of the supreme court was correct. On the part of the appellant it is insisted, that the rule referred to was not applicable, but that the case fell within the operation of another and very different rule, i. e., the rule which allows the declarations of one whose acts may be proved, to be given in evidence, as a part of the act—*res gestæ.* If the judgment of the court of errors in *Paige* v. *Cagwin,* (7 *Hill,* 361,) as pronounced by Mr. Senator Lott in his opinion, is to be considered as the judgment of the members of that court who voted according to the result of that opinion, then upon the authority of that case the ruling of Mr. Justice Brown at the circuit was right, and the judgment of the supreme court upon this point can not be disturbed. The present supreme court, in *Smith* v. *Webb,* (1 *Barb. S. C. R.* 230,) Parker, J., giving the opinion, decided the same point now under consideration, upon the authority of *Paige* v. *Cagwin.* The authorities are so fully reviewed, and I may add so carefully examined, in the opinion of Mr. Senator Lott, as to preclude the necessity of their reexamination. It may, however, be proper to add, that upon principle the admissions of a party holding written securities for a debt

made while such owner, do not necessarily fall within any just notion of the rule which permits them to be given in evidence as part of the *res gestæ.* They may be given in evidence against him, and against his representatives, when parties in interest in the action, as admissions; but I apprehend not otherwise. It has been urged in the argument submitted, that such an application of the rule would exclude a written receipt or discharge of debt which had been assigned by the former holder, although made at a time when he had a perfect right to give such receipt, or make such discharge. But it is apparent that such a receipt or discharge would of itself be an act between the parties to the instrument thus discharged, and a very different thing from a mere conversation, or *ex parte* admission. It would be an act of *the parties* to the instrument, which would be capable of proof as such act, an entirely different thing from the mere admission of one of the parties. It would contain an admission to be sure—an admission of satisfaction, but it would be, nevertheless, an act of *the parties,* and fall within a very different rule from that which admits the declarations of a party to the action *as his admission,* and not as forming any part of such an act. Either upon authority or any sound principle of law, I am unable to see any error in the judgment of the supreme court upon this point. The remaining point arises upon the refusal of the judge to charge the jury " That if they found that at the time of the delivery of the bond and mortgage, Reeve did intentionally withhold $50, it was evidence, unexplained, of a corrupt and usurious agreement." It is manifest that there may be various other causes than "a corrupt and usurious agreement" for which a mortgagee might "intentionally withhold" a part of the sum secured by the bond and mortgage, and which would be perfectly lawful in themselves. The law will not presume " a corrupt and usurious," or any other unlawful agreement from a fact which is equally consistent with a lawful purpose. It is not an infrequent case for a mort-

gagee to retain a part of the money loaned until the com-
pletion of a building, which is to form a part of the
mortgage security.   There are other contingencies, to
guard against which, a part of the amount included in a
mortgage might be retained, as, to cover a balance of an
unsettled account between the parties.   Besides, he who
affirms of another an unlawful act, is bound to affirma-
tive proof of that which makes the act unlawful, and can
not insist upon a legal presumption of guilt from an act
just as consistent with innocence as with guilt.   The
authorities which show that "the receiving usurious inter-
est intentionally is sufficient evidence of a corrupt agree-
ment," (8 *Cow.* 669,) and that "receiving designedly more
than legal interest, is, without any express corrupt agree-
ment, usury," (10 *John.* 185; 10 *Wend.* 113; 2 *Hill,* 522; 4
*Denio,* 104,) have no application to the present case.
Conceding that the evidence justified the assumption
that it was proved that the mortgagee intentionally with-
held $50 of the $500 secured by the bond and mortgage at
the time of the delivery, still it does not follow that it
was intentionally withheld for the purpose of usury.   It
nowhere appears in the case for what purpose it was
withheld.   Had it appeared that it was withheld for in-
terest, premium on the loan, or by way of discount, the
case would have fallen within the principles upon which
the appellant relies.   The cases cited upon this point by
the appellant, do not sustain the doctrine advanced in the
request to charge, as will be shown by a short reference to
the points decided in each of them.   In the case 10 *John.*
185, there was no question as to what would be sufficient
evidence of usury.   That there was usury was conceded,
and the only question was whether the defendant could
set it up to defeat the plaintiff's title acquired through a
sale under a foreclosure by advertisement, he being the
assignee of the bond and mortgage in good faith, under
which the sale was made.   At the sale the premises

Sel. IV.—36.

were struck off to one Henry, to whom the plaintiff, as assignee of the bond and mortgage, made a deed. A few days afterwards the plaintiff took a deed of the same premises from the said Henry, acknowledging the receipt of one dollar as the consideration thereof. It was held that the usury could not be set up to defeat the plaintiff's title. This is an authority in favor of the ruling of the judge who tried the cause, upon the question of evidence, but has no bearing upon the point to which it was cited. The case of *Hackley* v. *Sprague*, 10 *Wend.* 113 does not present any question as to the sufficiency of evidence of usury. The point decided in that case was, that the proviso to the section of the revised statutes declaring usurious contracts void, (1 *R. S.* 772, § 5,) extended only to a *bona fide* holder of a note or other negotiable paper, to whom it had been negotiated for a valuable consideration, in the usual course of trade, i. e., before maturity. The case cited from 2 *Hill,* 522, like that from 10 *Johnson,* 185, is one where the fact of the usurious character of the loan was not questioned, but the question raised was, whether a sheriff who, by virtue of an execution against a mortgagor, had levied upon the goods mortgaged to satisfy a judgment, could set up usury to defeat the plaintiff's claim by force of the usurious mortgage, and it was held he could. In the case cited from 4 *Denio,* 114, the question was, whether a mortgage security, void for usury, could be made valid by a subsequent endorsement by the mortgagee of the amount which he had originally retained as a usurious premium, and it was held that a security void for usury in its inception, could not be made a valid security by any subsequent act of the parties. There was no question in the case as to what evidence would be sufficient to establish usury, but only whether a security void for usury could be restored to life by a subsequent agreement of the parties that it should stand only for the money actually advanced, and not for so much of its amount as

was originally retained by the lender as an usurious premium for the loan.

I am of opinion that the judgment of the supreme court should be affirmed.

Judgment affirmed.