WILLIAMS *vs*. FITZHUGH and others, Executors, &c.

It is a fundamental rule, based upon the maxim, *"interest reipublicæ ut sit finis litium"*—that the judgment of a court of competent jurisdiction, between the same parties or privies, upon the same matter or subject coming in question in another suit, is final and conclusive on all points directly involved and necessarily determined.

In the application of this rule the question to be determined is, what was decided in the former suit. And upon this question the record must control, where it clearly appears on the face what was the matter tried and passed upon. If it does not so appear, it may be shown by parol what was in fact tried, within the issues made by the pleadings.

On the 3d of April, 1854, W. borrowed of A. $27,000, of which $15,000 was advanced, and three notes of $5000 each given therefor, signed by W. and others. On the 3d of July, 1854, A. advanced the further sum of $12,000 to W. for which two notes, for $6000 each, were given; also a note for $4000, for a bonus on the loan, as claimed by W. A mortgage was also given by W. to A. to secure the payment of the three notes last mentioned, and two of the notes given in April for $5000 each. In 1859 A. brought an action against W. and others, upon one of the notes for $6000 made in July, 1854. The defendants therein set up the defense of usury. The jury, by their verdict, found the note to be usurious.

*Held* that this verdict necessarily carried with it, and invalidated the other $6000 note, and the $4000 note, of the same date, and the mortgage given to secure their payment; those notes, and the mortgage, being parts and parcels of the same transaction, given at the same time, upon the same contract, and in consummation of the same bargain. But that the verdict did not necessarily include and invalidate the two notes for $5000 each, given in April, which had a distinct inception, and were free from the taint of usury at the time they were given.

*Held, also*, that it could not be said, upon the record of judgment in that action, that the validity of the $5000 notes, given in April, was "necessa-

rily involved in the decision that the notes given in July were usurious. And that the question of their validity when given was not put in issue, nor necessarily decided and determined in that suit.

*Held, further,* that the notes given in April could not be invalidated by a contract for usury made in July, if they were valid notes when given.

ON the 7th day of February, 1859, Allen Ayrault (the defendant's testator) commenced an action in this court against the above named Ellery G. Williams and others, to recover the amount of a promissory note made by them, payable to his order, for the sum of $6000, dated July 5, 1854. The persons thus sued set up, by answer, that the note was void for usury; detailing with particularity the facts constituting it. This answer is analyzed and condensed in 33 *Barb.* 238, where the case is reported as it came before this court for review. Among other things, it alleged that the note in suit was given for part of a loan represented by the above and several other notes, and secured by a mortgage executed by Williams, upon certain real estate in the city of Cleveland. Upon the trial, evidence was given in support of the answer, and in submitting the case to the jury, the court directed their attention to the evidence bearing upon the issue presented, *but neither in the answer, the evidence, or the charge* is there any thing which would permit the jury to find the note of $6000 usurious, except as connected with the entire transaction. The verdict sustained the answer. Subsequently this action was brought, in which the parties were the same, but their position upon the record reversed. *Williams* sued Ayrault, and in his complaint set forth the same matters which he had before set forth in his answer to the complaint on the $6000 note. He also set forth as a conclusive ground for relief, the proceedings in the first mentioned action, including the trial, verdict and judgment, and prayed, among other things, that the defendant should be restrained from proceeding to collect the notes, or enforce the mortgage; and that he should give them up to be canceled as void for usury. Upon the trial at special term, the

allegations in this complaint were attempted to be sustained by the production of the judgment record in the first action, and judgment was rendered in pursuance of the plaintiff's prayer. From that judgment the defendants appealed.

*Scott Lord,* for the appellants.

*G. F. Danforth,* for the plaintiff.

*By the Court,* E. DARWIN SMITH, J.    Most of the points made on the trial of this cause are not now open questions in this court.    When this cause was before us on a former occasion it came up on appeal from the special term, where the complaint had been dismissed on the ground that so far as related to the promissory notes described in the complaint, the plaintiff had a perfect defense at law, and so far as related to the mortgage therein set forth, the court would not upon the allegations in the said complaint sustain an action to remove a cloud from the plaintiff's title to land in Ohio, where the plaintiff resided, and when the court in which an action was then pending for the foreclosure of said mortgage had complete jurisdiction to pass upon the matters set up in such complaint, and by a decree *in rem* remove the cloud upon the title to the plaintiff's land.    This decision was reversed at general term in this court.    (*See* 31 *Barb.* 366.)    And while I did not then, and do not now assent to the doctrine that a court of equity in this state should thus borrow a litigation from another state and so, gratuitously, assume to protect the title to lands situate therein from a cloud upon such title, by the rendition of a judgment which could only be enforced in *personam* by process of contempt, it is nevertheless the law of this case, and was properly applied at special term.    The only point therefore. now open to discussion and consideration here is, whether the court at special term gave proper force and effect to the record of judgment in the suit at law there produced, and which

constituted the only evidence then given to sustain this
action. The record of judgment produced at the trial shows
upon its face that it is a final judgment, rendered in this
court in an action at law, wherein the plaintiff in this action
and others were defendants and the testator of the defend-
ants in this action (Allen Ayrault) was the plaintiff at the
commencement of the suit, for whom, during the pendency
of the action, the defendants, upon his decease, have been
duly substituted. The action was for the recovery of a note
of $6000 given by the plaintiff in this action and others.
The defense was usury, which prevailed at the circuit, and
the judgment there rendered was affirmed in this court in
33 *Barb.* 238, and in the court of appeals.

It is a fundamental rule, based upon the maxim "*interest
reipublicæ ut sit finis litium,*" that the judgment of a court
of competent jurisdiction between the same parties or privies,
upon the same matter or subject coming in question in an-
other suit, is final and conclusive on all points directly
involved and necessarily determined. (*Gardner* v. *Buckbee,*
3 *Cowen,* 120 ; *Cowen & Hill's Notes,* 586, 587. *Doty* v.
*Brown,* 4 *Comst.* 71. *Id.* 559. 3 *Denio,* 238.) The only
debatable question in the application of this rule is to deter-
mine precisely what has been decided in the former suit.
The record must of course control, where it clearly appears
on its face what was the matter tried and passed upon ; and
if it does not so appear, it may be shown by parol what was
in fact tried within the issues made by the pleadings. In
this case the record alone was produced at the trial, and that
must determine the question presented. The note for which
the suit was brought, as appears by the judgment record,
was dated July 6, 1854, and was for $6000, payable July 1,
1857. The answer set up that the plaintiff borrowed of the
defendant's testator $27,000, of which $15,000 was advanced,
and three notes of $5000 each taken therefor, signed by the
plaintiff and others, dated April 3, 1854, one at nine months
after date, one at one year after date, and one at fifteen

months from date. And that a further sum of $12,000 was advanced them July 3, thereafter, for which two notes of $6000 each were given, one payable July 1, 1856, and the other July 1, 1857, also a note for $4000 for a bonus on said loan, as claimed by the plaintiff, payable July 1, 1858. That a mortgage was given at this date, July 3, 1854, to secure the last mentioned two notes of $6000 each and the $4000 note, and two of the notes given in April, of $5000 each, to wit, the one payable at one year and the one payable at fifteen months from date, which is the mortgage in controversy in this suit. The answer states that it was originally contemplated that Mr. Ayrault, the plaintiff's testator, should have an interest in a certain purchase of real estate at Cleveland, Ohio, which the plaintiff had contracted or was about to make a contract to purchase, and that was the expectation of the parties in April, 1854, when the $15,000 was advanced ; and that Mr. Ayrault had an option to take such interest ; that Mr. Ayrault relinquished his right to take an interest in such purchase, in July afterwards, at the time of the advance of the $12,000, and took and received the $4000 note on pretense of such right, but really as a cover for usury upon said loan. The taking of this $4000 note by Mr. Ayrault constitutes the chief ground of the allegation of usury in the transaction. The note was given and taken at the same time with the two $6000 notes and the mortgage in question on lands in Ohio. The verdict of the jury finding that one of these $6000 notes, the one in suit, was usurious, necessarily carries with it and invalidates the other $6000 note and this $4000 note of the same date, and the mortgage given to secure these notes and others. These notes and the mortgage were parts and parcels of the same transaction, were given at the same time, upon the same contract, and in consummation of the same bargain. But I do not think the same consequence applies to the two $5000 notes given in April. It seems to me that the verdict does not necessarily include and invalidate those notes. The issue made by the pleadings is simply,

Was the $6000 note described in the plaintiff's complaint usurious? The defense was complete if the jury found the issue in favor of the defendant. The verdict was for the defendant on this issue. Its force and legal effect was that this $6000 note was given upon an usurious consideration. The same taint necessarily affected all contracts which took their life and breath from the same transaction. Their validity was involved in the same issue. This can not, I think, be said to be the case with the two $5000 notes given three months before, and which had then a distinct inception. These, I think, were valid notes when given, or might be so found independently of the notes given in July. Nothing in the shape of usury was given, taken or received when these notes were made and delivered. They were given for $5000 each and drew interest, and each represented $5000 cash lent and advanced to the plaintiffs at the time of their date. It can not, I think, upon this record be fairly said or held that the validity of these $5000 notes given in April was "*necessarily involved*" in the decision that the notes given in July were usurious. The rule as to the force of a record in such cases requires this and concludes the parties only as to the ground covered by it and the facts necessary to uphold it. (*Cowen & Hill's Notes*, 586, 587.) It is not necessary, I think, to uphold this judgment upon the facts set forth in the case incorporated in the record, to hold that the usury which avoided the $6000 note given July 3, necessarily avoided the $5000 note given in April. The jury undoubtedly found that the taking of the $4000 note for Mr. Ayrault's interest in the Cleveland purchase which he had previously relinquished was in fact and intent a mere cover for usury, and that this said $4000 note was in fact without consideration except as such cover. The verdict at least may have been based upon this theory or view of the evidence in the case, and I see no ground that would warrant the verdict upon any other. This note was given in July, and could not relate to, or invalidate the notes of April, even though it

was exacted and given as a bonus upon the whole loan. The $5000 notes given in April could not be invalidated by a contract for usury made in July, if they were valid notes when given. The question of their validity when given was not put in issue by the plaintiff, and I think has not been necessarily decided and determined. The defendants' verdict and judgment at least may have been rendered upon other grounds, and if so, it does not in principle decide conclusively that the notes of April were usurious. If my brethren concur in this view, I think we should modify the judgment rendered at special term and except therefrom the two $5000 notes given in April, 1854, herein referred to. Such is the judgment which I think should have been rendered at special term, and we may on appeal render such judgment, when a new trial would be useless. Such we see would clearly be the case here, as the record must control and conclude the rights of the parties ; and neither party should have costs upon this appeal, as neither party entirely prevails.

