CIRCUIT COURT FOR CLACKAMAS COUNTY.—AT CHAMBERS, AUGUST, 1870.

## ARTHUR WARNER, PETITIONER, v. JOHN MYERS, RESPONDENT.

MANDAMUS.—The office of a writ of mandamus was the same at common law as it is now declared by the code, and it cannot be used as a means to determine ultimate right to an office.

IDEM.—An answer denying the legality of the election of the petitioner to an office which he holds will not abate the writ.

CERTIFICATE OF ELECTION.—The certificate of a board of canvassers of election returns is the record of what was decided, and it is the legitimate evidence of the decision.

DECISIONS—WHEN BINDING.—When a tribunal or board, no matter how inferior its jurisdiction or limited its power, proceeds within its jurisdiction, and determines a matter which it is authorized by law to decide, its decision, even if erroneous, is binding until it is reversed.

APPEAL—ITS EFFECT ON THE DECISION.—The fact that an appeal has been taken does not affect the conclusive nature of the decision while it remains unreversed.

IDEM—PLEADING.—The petitioner having plead the decision of the canvassers in his favor, and that he was in possession of the office, an answer declaring that a majority of the legal votes were cast for the defendant, was struck out on motion.

PLEADING.—An answer declaring that a contest was pending to determine the legality of the election was also struck out.

SHERIFF.—When a former sheriff is served with a certificate, in pursuance of section 983 of the code, his powers cease, and a contest pending does not stay the effect of serving the certificate.

*Johnson & McCown,* for the petitioner.

*Lansing Stout* and *S. Huelat,* for the respondent.

UPON filing the petition for a mandamus in this case, it was ordered that the defendant show cause why a writ should not issue. At the time appointed, the parties appeared before the judge at chambers, and the defendant filed an answer to the petition. The judge being of opinion that the petition should specifically state what property and prisoners were withheld or retained by the defendant, the petition was amended in that particular, and the defendant filed his answer as before. After argument, an alternative writ was allowed.

The facts alleged in the petition and writ are substantially: That Arther Warner, the petitioner, was duly elected sheriff of the county of Clackamas, on the sixth day of June, 1870; that prior to the thirtieth day of June, 1870, he was qualified as such sheriff, and has since entered upon the duties of said office. That the defendant, John Myers, was the acting sheriff of said county, prior to the election and qualification of said petitioner. That said petitioner having been elected as aforesaid, and having qualified as such sheriff, the county clerk of said county of Clackamas, on the second day of June, 1870, made and gave to said petitioner a certificate of that fact, and that both on said second, and on the fifth of July, 1870, he served said certificate on said defendant; that more than one day had elapsed since such service, and that the defendant had refused and still refuses to deliver to said petitioner the jail of the county, its appurtenances, and the property of the county therein, the prisoners confined therein, and the process designated in the petition. The petition then proceeds to enumerate the property, prisoners and process retained by the defendant.

The defendant's answer, which was first made to the petition, and was afterwards by consent used as an answer to the writ, omitting the formal parts, is as follows:

The said defendant for answer to the petition of Arthur Warner, plaintiff, denies that on the sixth day of June, 1870, said Warner was duly and legally elected sheriff of Clackamas County. But on the contrary, this defendant avers that on the sixth day of June, 1870, a majority of all the legal votes cast at the general election held in said county of Clackamas, were given for him, the said defendant, for the said office of sheriff and he was then duly and lawfully elected such sheriff.

Defendant denies that said plaintiff, since the election and prior to the thirtieth of June, 1870, was duly qualified, and that he has since then legally entered upon the discharge of his duties as sheriff as aforesaid. And for a further answer to the petition of plaintiff, the defendant says that there is now pending in the said circuit court a proceeding wherein

this defendant contests the right of the said plaintiff, Arthur Warner, to hold the said office of Sheriff of Clackamas County.

The petitioner moved to strike from the answer the parts relating to the defendant's receiving a majority of the legal votes and being lawfully elected, and that in relation to a contest pending.

The motion was granted, and the plaintiff offered in evidence the certificate of election issued to him upon the canvass of the votes; his oath of office endorsed on the certificate and the endorsement thereon, his official undertaking, with affidavits of justification of sureties, and its endorsement of approval and of the filing; and the certificate of the clerk of the county of his having qualified after his election. He also proved by his own oath that he had been acting in the capacity of sheriff of the county from the fifth of July to the present time, and rested his case. The defendant proved that he (the defendant) had been in possession of the county jail continuously during the year past, and rested.

*Johnson & McCown*, for the petitioner.

*Kelly & Reed* and *Lansing Stout*, for the defendant.

UPTON, J. The petitioner's right to a peremptory mandamus in this case, depends upon the question of law whether an incumbent of the sheriff's office can prolong his term, or entitle himself to hold over beyond the two years fixed by law, by giving a notice, as provided on page 707 of the general laws, that the election will be contested.

This question is clearly settled by legislative acts, which will be referred to hereafter.

It may be well before examining the provisions of statute that define the rights and duties of these parties, to consider what is the office of the writ of mandamus, and to notice the question of practice presented by the motion to strike out part of the answer.

The office of this writ at common law was precisely what it is now declared to be by our code. (3 Black. Com. 110;

1 Tiff. 114; 6 Ba. Ab. 418; *et seq.*) It is "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." (Code, sec. 583, p. 297.)

That this proceeding cannot be used as a means of determining the ultimate right to the office, is settled by authority and is conceded to be law, by both the petitioner and the defendant.

In proceedings by writ of mandamus, it is often necessary to determine as a question of fact whether or not a particular person is in the actual possession of an office, or in other words, whether he is exercising its functions; but this is a matter entirely different from determining whether such person is entitled to the office.

So too it may, be and frequently is necessary to determine whether or not a particular person is an officer *de facto;* trying that question is not a trial of the right to the office in any sense that makes it necessary to resort to *quo warranto.*

After a person has been declared elected by a competent tribunal, it may still be necessary, upon mandamus, to determine as a preliminary or collateral question whether he has been so declared. His right to sue may depend upon it. In such case, admitting proof of the fact is not such a trial of the right to the office as would compel a proceeding in the nature of *quo warranto.* The decision declaring him elected, then offered in evidence, may have been made in a proceeding in the nature of *quo warranto,* previously tried and determined. It would be absurd to hold that in every future proceeding where the petitioner alleges that he holds the office and the allegation is denied, the issue presented is such that it cannot be tried except by a similar proceeding by *quo warranto.*

Those parts of the answer included in the motion are not pleadable in this case, unless a defendant can by setting up error in the decision of the canvassing officers, or by pleading that there is a contest pending to try the title to the office, either change the character of this proceeding from *mandamus* to a proceeding in the nature of *quo warranto,* or abate this proceeding until it shall be determined who is rightfully entitled to the office.

If the petitioner is entitled to this writ it is because there is now a duty to be performed which the law has enjoined, and not because of any duties that may hereafter arise.

If one who has a good cause for contest can prolong his hold on the office by giving the notice, one who has not ground of contest can do the same thing. It can never be treated as a thing known, whether or not he has good grounds for contest, until the contest is terminated. The mode of conducting the contest must be the same where there is not sufficient grounds, as where the claim of the party giving the notice is meritorious.

It will be seen by provisions of statute hereafter quoted, that the act or duty sought to be enforced by this proceeding does not depend upon the ultimate rights involved in the answer.

It will not be contended that a defendant can, by filing such a pleading, change the character of this proceeding to a proceeding in the nature of *quo warranto;* and no authority has been produced, and it is believed none can be found for the position that upon filing such an answer, the writ should be abated or dismissed.

It might upon the same reasoning be claimed that in an action of forcible entry and detainer, in which the title to real estate can not be a material issue to be tried, the action must be dismissed whenever the defendant pleads title to the premises where the force was used. The law and the reason for the rule of practice are the same in that case as in the case under consideration. The plea is irrelevant because neither the wrong of the alleged injury, or the remedy, is dependent on the ultimate right of either party to the office or to the land in question.

The argument in favor of retaining that part of the answer, when distinctly stated, amounts to this: The decision of the board of canvassers is subject to review; until it is reviewed, it is impossible to know whether it is correct; until it is known to be correct, no court has power to compel the former incumbent of the office of sheriff, to deliver to the present incumbent, the jail and other property of the county. The argument overlooks the fact that it was the

duty of the board of canvassers to decide whether or not the petitioner was duly elected. That was a question for that board to decide, according to its judgment, and it is not in the power of the circuit court to direct such a board what decision it shall make, or to question the correctness of its decision in a proceeding by mandamus. (2 Denio 192; 20 Wend. 658.)

A reference to the various statutory provisions touching the merits of the case, will also show conclusively that the matters included in the motion are not material, and do not constitute a defense in this proceeding.

The statute concerning elections, (Sec. 31, Gen. Laws, p. 705), makes it the duty of the county clerk, when the votes are canvassed, "to make out a certificate of election to each of the persons having the highest number of votes for members of the Legislative Assembly, county and precinct officers respectively, and deliver such certificate to the person entitled to it."

By section 9, general laws, p. 823, the sheriff "must qualify by filing with the county clerk of the county wherein he is elected, his certificate of election, with an oath of office endorsed thereon." * * * "and also give and file the undertaking hereinafter provided."

By section 983, p. 393, "When a new sheriff is elected or appointed, and has qualified, the county clerk shall give him a *certificate of that fact* under his seal of office."

"Whenever *thereafter*, the new sheriff is authorized *by statute* to enter upon the duties of the office, he shall serve such certificate upon the former sheriff, from which time his powers cease, except when otherwise specially provided." By section 984, "within one day after the service of the certificate upon the former sheriff, he shall deliver to his successor the jail of the county, with its appurtenances, and the property of the county therein."

It cannot be maintained that unless the decision of the board of canvassers is free from error, its decision is no decision, or that it may be disregarded before it is reviewed and reversed by a competent tribunal.

When a tribunal or board, no matter how inferior its

jurisdiction, or limited its power, proceeds within its jurisdiction, and determines a matter which it is authorized by law to decide, its decision, even if erroneous, is binding until it is reversed. (*Van Wormer* v. *Aldermen of the City of Albany*, 15 Wend. 262; *Morewood* v. *Corporation of New York*, 6 How. Pr. 386; 32 N. Y. 281; 29 How. Pr. 281; 11 Abbott Pr. 9; 35 Barb. 308; 6 Barb. 479; 37 Barb. 520.)

If the board or the tribunal is required by law to decide, and acting within its jurisdiction, it proceeds to make the decision, that decision is binding until reversed, although the board or court erred as to the law or mistook the facts, or misjudged as to the weight of evidence. (*Lawrence* v. *Houghton*, 5 John, 128; 6 Hill, 114; 4 Kern, 329; 4 Seld. 137; 32 N. Y. 281; 44 Barb. 321.)

"The fact that an appeal has been taken does not affect the conclusive nature of the decision while it remains unreversed. (*Sage* v. *Harpending*, 49 Barb. 166; 34 How. Pr. 1).

The certificate required to be made at the time of the canvass is the record of what was then decided, and it is the legitimate evidence of the decision.

When afterwards the clerk was called upon to certify to the fact that the new sheriff had qualified, if he had the proofs before him, the act of certifying was a duty specially enjoined by law. He was acting within the scope of his jurisdiction. He had before him the decision of the board of canvassers, and whatever else material to the question there was on file in his office, and his duty required him to proceed on the evidence before him. It cannot be maintained that his certificate was no certificate in case there had been error in canvassing the vote.

The law creates a board of canvassers, with full power to decide upon the questions presented. The county clerk is required to make the record of their decision by certifying the result. This certificate, when endorsed with the oath of office, is required to be filed with the county clerk, and becomes a part of the files of that office. The law above quoted specially defines what is "qualification," and declares what acts shall constitute the qualification of a sheriff.

When the county clerk has made the certificate of the fact of qualification which the law compels him to make, and when the preceding term has expired, there remains but one thing to be done to cause the general powers of the former sheriff to cease. That is, to serve the certificate upon him.

Special provisions are made by which he retains power to do certain acts; for instance, to finish the execution of process partially executed, but otherwise his powers end by operation of law. By force of the statute, when such a certificate is served in pursuance of the statute, a legal effect is produced in the very act of service.

It will not alter the fact, should the same man who was the former sheriff, afterwards by action or by special proceeding in pursuance of the statute, attack the decision of the canvassers in the proper tribunal and show that it ought to have been rendered in his favor, and thus obtain a decision in his favor that he ought to have been declared elected. He will thereupon be placed in office; but the proceedings of the person who acted in the interim as sheriff under the erroneous certificate will be valid and binding. The powers which the reinstated sheriff will thereafter exercise are not those that ceased on presentation of the certificate, but they are the powers with which he becomes vested by virtue of his re-election and qualification.

By operation of law the powers of the one person ceased, and another person became sheriff *de facto*. If he is afterwards ousted by the judgment of the court, his opponent takes by virtue of the election, and not by his right to hold over.

To sustain the defendant's position it is necessary to disregard these provisions of statute; to treat the certificate of election as false before it is reviewed, and to hold in the face of, and in opposition to, the decision of the board created by law to decide the question, that the defendant's successor is not elected as certified.

Who is to determine that the certificate is false, without a trial of the question?

It is evident from the language of these statutes, that the

legislature had in contemplation the confusion which would arise if the former sheriff could upon any pretext disregard the decision of the board of canvassers, and remain in office during a pendency of a contest for the right of the office.

· ' It was to avoid any pretense that a sheriff could hold over beyond his term on a claim that the votes were not correctly canvassed by the constituted authority, that it is provided that upon the service of the certificate his powers cease. It is not enacted that his powers shall cease if the election is in all respects legal, or if the votes are correctly canvassed, or if no appeal be taken, or after the appeal is determined; but it shall cease when the certificate is served.

The explicit language of the act is well chosen to express in the most positive manner that there shall be no stay of proceedings, but that the transfer shall be immediately made.

It does not alter the case that the former sheriff and the one who proposes to contest is one and the same person.

The defendant does not claim, in this case, as his own successor. He does not allege that he has qualified. He bases his right solely on being the prior incumbent. If he had received a majority of the votes, and obtained the certificate of election, that would add nothing to his right in the office until he qualified. It is then immaterial to the present right of possession whether he or some third person is the contestant. He has no higher right of possession or of holding over, than he would have if some other person had given notice of a contest. If the defendant can hold over, under the facts here presented, it is because the petitioner was not elected, and not because the defendant was elected. He could with the same reason hold over if some other person was the contestant.

The same reasoning that will justify this defendant in holding over, will justify the former sheriff in holding over in all cases where there is a contest, until it shall be settled by final judgment of either the circuit or supreme court which of the contestants is entitled. And this whether the former sheriff is a party to the contest or not.

It is difficult to imagine what more decisive language the

legislature could have employed to express the intent that the former incumbent should not hold over because of a contest.

The answer in this case does not deny that the certificate mentioned in the writ was issued by the clerk, and it does not deny its service upon the defendant. It contains nothing from which it can be concluded that the canvassers or clerk lacked jurisdiction to perform the acts devolved upon them. The denials of the answer are a denial "that the plaintiff was *duly and legally* elected sheriff" of, etc., and a denial that the plaintiff "was *duly* qualified, and that he has *legally* entered upon the discharge of his duties as sheriff aforesaid."

If these are to be treated as presenting issues of fact, the first issue is determined by the certificate of the board of canvassers, a certified copy of which was produced. That he was duly qualified was shown not only by the certificate of the clerk, but by the production of the certificate of election, and the petitioner's oath of office endorsed thereon, with its filings and endorsements and his official undertaking with its indorsements. And it was proved that the petitioner was, and for some time had been, the acting sheriff of the county. If, then, the certificate of election issued under section 31, p. 705, of the code, can be read in evidence in a court of justice, it is proved that the petitioner was elected as alleged.

This certificate, until the decision it records is reversed, is as clearly the proper evidence of the decision, as is the certificate the clerk is required to make under section 41 of the same act.

No provision of statute has been referred to, that directly or by implication indicates that the certificate of election is inoperative or to be held in abeyance in case of a contest. Yet it is a general feature of our statutes that whenever a stay of proceedings is deemed proper, special provision is made in each particular case pointing out a mode to obtain such stay. On the other hand, the special provisions to the contrary of a stay of proceedings above quoted, are made with particular reference to the sheriff's office only.

If the statute was less clear on this point, the following considerations would be of great force to indicate that the law should be as the legislature has already seen cause to declare it. The petitioner, being an officer *de facto*, cannot proceed by *quo warranto* against the defendant. (Code, sec. 354.) He, and through him the public, are therefore without a remedy if he cannot proceed by mandamus.

If he is obliged to wait for his contestant to proceed by action under section 354, the contestant can choose his own time for commencing the action. If the proceeding is to be by the special statute for contesting elections, found on page 707 of the code, the holder of the certificate cannot reasonably commence it, because the decision is already rendered in his favor. If it is to be commenced by another, that other may commence it by simply serving a notice, without any oath or affidavit of merits, and the contestant serving the notice may fix his own time for the hearing, putting it early or late to suit his own convenience. After the trial in the circuit court, an appeal lies to the supreme court.

If such a contest stays proceedings and renders the certificate of election of no effect pending the contest, it will have that effect when the contest is without merits, as well as when the contestant is in the right, and, as is above shown, as well when a third party contests as when the former incumbent is the contestant. Such a system would enable the former incumbent, by serving a notice that the election would be contested, or by procuring another to serve such notice, to exclude his successor from whatever of the office he could retain in his possession or personally control, to the embarrassment, if not to the preventing of the execution of the law, and to the subversion of order.

Such a construction of the statute would enable the former incumbent, by instituting a contest, whether in person or through the means of some other person who had received votes, to prolong his hold upon the office far into, if not through, the term of his successor. A rule which would to so great an extent subject the substantial rights of the public and of individuals to the caprices or honest errors of

one person, would present an anomaly in jurisprudence; and it is contrary to the express provisions of the statutes enacted to define the rights and duties of the outgoing and incoming sheriff.

A peremptory *mandamus* should be allowed.\*

---

IN THE CIRCUIT COURT FOR WASCO COUNTY.—AT CHAMBERS, JULY, 1870.

---

\* Affirmed at the September term of 1870.

