MYERS et al. v. WHEELER et al.

(Supreme Court, Appellate Division, Fourth Department.　December 18, 1897.)

1. MORTGAGES—FORECLOSURE—COUNTERCLAIM—USURY.
   In an action to foreclose a recorded mortgage, the mortgagor, who is the owner of the land, may set up as a counterclaim that the mortgage is void for usury, and is a cloud on his title, and may ask that it be canceled.

2. SAME—PLEADING.
   In an action to foreclose a mortgage, the answer set up as a defense that the plaintiff, who acted as agent for the original mortgagee was the real mortgagee; and that he retained $28 as a commission for making the loan; and that $600 were reserved out of the loan for a purpose, and on some consideration, not stated; and that said sums constituted an illegal rate of interest, and the mortgage was therefore void. *Held*, that usury as a defense or as a bar was not properly pleaded.

Appeal from special term.

Action by John P. Myers and Robert L. Ingalls, as executors of Davis S. Ingalls, deceased, against Bradley P. Wheeler, Hattie L. Wheeler, and others. From a judgment in favor of defendants, plaintiffs appeal.　Reversed.

This action was begun January 30, 1895, to foreclose a mortgage, accompanied by a bond executed by Bradley P. Wheeler and Hattie L., his wife, to Helen E. Chaddock, January 2, 1891, and recorded in the office of the clerk of the county of Erie, January 22, 1891, in Book 586 of Mortgages, at page 420, to secure the payment of $2,800,—$300 and interest at the rate of 6 per cent. on the whole sum April 2, 1891, and $2,500 January 2, 1896, with interest at the rate of 6 per cent., payable semiannually, until the whole sum should be paid, which mortgage was transferred to David S. Ingalls by an assignment executed November 3, 1892, and recorded in said clerk's office April 12, 1893, in Book 69 of Mortgages, at page 610. The foregoing facts are alleged in the complaint, and it is also alleged that nothing has been paid on the mortgage except the interest thereon, to January 2, 1893; that David S. Ingalls is dead; and that December 23, 1893, letters testamentary on his estate were duly issued to the plaintiffs. The foregoing allegations are admitted in the answer, and, as a defense to the mortgage, it is alleged that the mortgagee was the sister of David S. Ingalls, and the loan was in fact made by him, and that he reserved out of the amount secured by said mortgage $628, $28 of which was for a commission of 1 per cent. on the amount of the mortgage, which was in excess of the legal rate of interest, and that $600 were reserved and never paid over by him for some purpose, and on some consideration not stated. It is further alleged that David S. Ingalls was not acting as an agent of the mortgagee, but that the money loaned belonged to him, and that the mortgage, in fact, was his from the date of its execution. The foregoing facts were also alleged as a counterclaim, the defendants demanding as affirmative relief that the record of the mortgage be canceled, on the ground that the mortgage was void for. usury. The plaintiffs failed to reply to this counterclaim. When the case came on for trial at special term, the defendants moved for a judgment on the counterclaim, which motion was resisted. Neither party offered any evidence. Subsequently defendants' motion was granted, an order entered, and the court filed a decision stating the facts as alleged in the counterclaim, and directed a judgment canceling the record, and ordering that the bond and mortgage be canceled and surrendered.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John G. Milburn, for appellants.
J. W. Russell, for respondents.

FOLLETT, J.   A mortgagor owning the fee of the land covered by a usurious mortgage may maintain an equitable action to have the mortgage surrendered and the record thereof canceled as a cloud upon his title.   Morse v. Hovey, 9 Paige, 197; Hartshorn v. Davenport, 2 Barb. Ch. 77; Williams v. Ayrault, 31 Barb. 364; Williams v. Fitzhugh, 44 Barb. 321, affirmed 37 N. Y. 444; 5 Trans. App. 61; Tyler, Usury, 435 et seq.   The cases of which Minturn v. Trust Co., 3 N. Y. 498, Allerton v. Belden, 49 N. Y. 373, and Town of Venice v. Woodruff, 62 N. Y. 462, are types, are not in point.   These cases simply hold that the maker of a promissory note or of a bond is not entitled to maintain an action to cancel the obligation, without alleging some special circumstance, because his defense to an action on the note or the bond is an adequate remedy.   In case an action is brought to foreclose a recorded mortgage against the mortgagor, who is the owner of the land mortgaged, he may set up as a counterclaim that the mortgage is void for usury, and is a cloud on his title, and ask that it be canceled.   Society v. Cuyler, 12 Hun, 247, affirmed 75 N. Y. 511.

In the case at bar, usury, as a defense or as a ground for affirmative relief, is not well pleaded.   The allegation that the mortgagor received but $2,200 on the mortgage of $2,800 is not sufficient to present an issue that the mortgage is usurious.   Booth v. Swezey, 8 N. Y. 276.   The answer contains no information why or for what consideration the sum of $600 was reserved.   The allegation that the sum of $28 was reserved on the false statement that it was charged as a commission for procuring the loan does not amount to an allegation that the mortgage was usurious.   Morton v. Thurber, 85 N. Y. 550; Guggenheimer v. Griszler, 81 N. Y. 293.   It is not alleged in the answer that the mortgagee retained the sums mentioned for the purpose or with the intent of exacting more than the legal rate of interest for the loan, or that the mortgagor permitted the mortgagee to retain those sums for the purpose or with the intent of paying more than the legal rate of interest for the loan.   When usury is pleaded as a cause of action, as a counterclaim, or as a defense, it must be set out with such certainty and precision that it appears on the face of the pleading that an usurious contract has been entered into.   Bank v. Lewis, 75 N. Y. 516; 27 Am. & Eng. Enc. Law, 1040; Boone, Code Pl. § 67, and cases cited.

The judgment should be reversed, and a new trial granted, with costs to abide the event.   All concur.