(128 App. Div. 128.)

OSBORNE v. HUGHES.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

ASSIGNMENTS—ACTION BY ASSIGNEE.

An assignee of a contract for the sale of real estate, which was not performed, holding under an assignment executed before the time fixed for performance, may sue for the money paid on the contract, though the purchaser and the assignee act at the request and for the, benefit of a third person, who furnished the money paid on the contract and for the assignment.

Appeal from Trial Term, Kings County.

Action by William C. Osborne against Charles F. Hughes. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Henry P. Burr, for appellant.

Leonard J. Reynolds, for respondent.

JENKS, J. This is an action to recover money paid on a contract for the sale of real estate, which was not performed. The defendant entered into the contract with Bollenbach, who, before the day of performance, assigned the contract to Page, who in turn likewise, and before the said day, assigned to the plaintiff. The assignments were written, and were duly acknowledged. It appeared at the trial that the original party as vendee and the assignees of her interest all acted at the request of Caulkins and for his benefit, and that he was behind them and furnished the moneys paid on the contract and for the assignments. At the close of the case the learned court declared that it thought Caulkins had the right to sue, but that the present plaintiff had no such right, and therefore dismissed the complaint on the merits. I think that the learned court erred. Sheridan v. Mayor, 68 N. Y. 30; Greenwood v. Marvin, 111 N. Y. 423, 440, 19 N. E. 228; Foster v. Central Nat. Bank, 183 N. Y. 384, 76 N. E. 338; Hunter v. Allen, 106 App. Div. 557, 94 N. Y. Supp. 880.

The judgment should be reversed, and a new trial should be granted; costs to abide the final award of costs. I express no opinion as to the merits of the controversy. All concur.