al charges of negligence, fraud, conspiracy, or unlawfulness, or that an act was done wrongfully or maliciously or arbitrarily, without setting forth the facts, are mere characterizations of acts or facts not stated, and therefore legal conclusions (Knowles v. City of N. Y., 176 N. Y. 430, 68 N. E. 860; Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; De Jong v. Behrman Co., 148 App. Div. 37, 131 N. Y. Supp. 1083; Nillson v. Lawrence, 148 App. Div. 678, 133 N. Y. Supp. 293; Peerrot v. Mt. Morris Bank, 120 App. Div. 247, 104 N. Y. Supp. 1045; People v. Equitable Life Assurance Society, 124 App. Div. 714, 109 N. Y. Supp. 453; Petty v. Emery, 96 App. Div. 35, 88 N. Y. Supp. 823), and although there is a dictum in Saratoga Gas & Electric Light Co. v. Hazard, 55 Hun, 251, 7 N. Y. Supp. 844, to the effect that a bare charge of *conversion* is insufficient, yet there is considerable authority for the proposition that the word "convert" or "conversion" imports the essential facts to show the act an unauthorized exercise of dominion, and that proof of any acts constituting conversion may be made thereunder (Thayer v. Gile, 42 Hun, 268; Berney v. Drexel, 33 Hun, 34, cited with approval in Railroad Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008; Duggan v. Wright, 157 Mass. 228, 32 N. E. 159, 2 Abb. Trial Brief [2d Ed.] page 1564; Abb. Law Dic. definition of "conversion"; Century Dictionary and Cyclopedia, definition of "convert").

Since there is a jurisdictional defect which cannot be corrected, it follows that the judgment and order should be affirmed, with costs. All concur.

---

MORRISON v. STEINBERG et al.    (No. 6705.)

(Supreme Court, Appellate Division, First Department.    February 5, 1915.)

1. MORTGAGES (§ 298*)—FORECLOSURE—PAYMENT.

     Where, to obtain an extension of a bond secured by a mortgage, payment was guaranteed by two guarantors by a separate written instrument, and, on foreclosure being threatened, one of them delivered to the owner his check and note for the full amount due, and received a receipt reciting that the check and note were accepted as additional security, there was no payment of the debt, so as to preclude subsequent foreclosure.

     [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 836–854, 864, 871; Dec. Dig. § 298.*]

2. MORTGAGES (§ 431*)—FORECLOSURE—BY ASSIGNEE.

     One to whom a bond and mortgage was assigned, for the purpose of bringing suit, had the legal title, and was the real party in interest, entitled to sue as provided by Code Civ. Proc. § 449.

     [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1268; Dec. Dig. § 431.*]

Appeal from Special Term, New York County.

Action by Isidore D. Morrison against Kate Steinberg and another, impleaded with Louis Schmeman and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jacob R. Schiff, of New York City, for appellant.
Max Monfried, of New York City, for respondent Steinberg.
Meyer Levy, of New York City, for respondent Feld.

McLAUGHLIN, J.    Action to foreclose a mortgage upon certain real estate in the city of New York.   On January 28, 1907, the defendant Schmeman executed a bond and mortgage in favor of the McKinley Realty & Construction Company to secure the payment of $5,500, in certain stipulated installments.   The property covered by the mortgage was thereafter conveyed to the defendant Steinberg, and the bond and mortgage, after several mesne assignments, came into possession of the plaintiff.   Steinberg and plaintiff thereupon, on June 15, 1910, entered into an agreement extending the time of payment of the $4,000 then remaining unpaid.   Simultaneously with the execution of this agreement the defendants Schmeman and Feld, by separate instruments in writing, guaranteed the payment of the bond and mortgage in accordance with their terms.   The final installment of $2,500 fell due on February 1, 1914, and was not paid.   The plaintiff's assignor, Silverstein, who then held the bond and mortgage, threatened to bring an action against Schmeman to foreclose.   To prevent this Schmeman delivered to Silverstein his check for $1,500, and his promissory note for $1,010, which was the full amount due, and received therefor a receipt, of which the following is a copy:

"Received from Louis Schmeman a check for the sum of fifteen hundred ($1,500) dollars, and a promissory note for the sum of one thousand and ten ($1,010) dollars, bearing even date, as additional security for the payment of a certain bond made by Louis Schmeman to McKinley Realty & Construction Company, bearing date January 28, 1907, and now held by one Isidore D. Morrison in trust for the undersigned, as follows:

"I am to collect the amount of said check and note and hold the same as aforesaid as additional security for the bond aforementioned.   In the event of the amount remaining unpaid from any other person liable on said bond being collected by me, I am to pay over the amount so realized to the said Louis Schmeman.   At the request of the said Louis Schmeman the said Isidore D. Morrison is to commence an action to foreclose the bond and mortgage aforesaid.   *   *   *"

The check and note were subsequently paid by Schmeman to Silverstein.   The defendants Pahle and Johnson are the present owners of the equity of redemption.

[1] At the conclusion of the trial the complaint was dismissed upon the merits, on the ground that the payment of the check and note by Schmeman to Silverstein operated as a payment in full satisfaction of the bond and mortgage.   That this was an erroneous conclusion is evidenced by the receipt itself, which shows that the check and note were taken, not as payment, but "as additional security."   To have constituted payment, they had to be delivered by Schmeman and accepted by Silverstein with that intent.   Not only the receipt, but the testimony is undisputed to the effect that they were accepted not as payment, but solely as additional security.   The defense of payment, therefore, completely failed, and the court should have so held.

[2] The respondents further contend that the plaintiff is not the real party in interest under section 449 of the Code of Civil Procedure,

and for that reason the complaint was properly dismissed. But the plaintiff holds the bond and mortgage by a written assignment from Silverstein. He had the legal title at the time the action was commenced, and while it is true the testimony shows they were assigned to him merely for the purpose of bringing the action, that in no way invalidates the assignment. Sheridan v. Mayor, 68 N. Y. 30; Greenwood v. Marvin, 111 N. Y. 423, 19 N. E. 228; Foster v. Central National Bank, 183 N. Y. 379, 76 N. E. 338; Osborne v. Hughes, 128 App. Div. 128, 112 N. Y. Supp. 572; Hunter v. Allen, 106 App. Div. 557, 94 N. Y. Supp. 880. It is sufficient to entitle the plaintiff to maintain the action that he has the legal right to enforce collection of the bond and mortgage and that the respondents would be protected in a payment to or recovery by him.

The judgment appealed from is therefore reversed, and judgment directed for plaintiff for the relief demanded in the complaint, with costs. All concur.

---

KINGSWAY CONST. CO. v. METROPOLITAN LIFE INS. CO.  (No. 6802.)

(Supreme Court, Appellate Division, First Department.  February 5, 1915.)

CONTRACTS (§ 24*)—AGREEMENT TO LOAN MONEY—CONSUMMATION—ACCEPTANCE OF APPLICATION—WHAT CONSTITUTES.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 100–103; Dec. Dig. § 24.*]

Appeal from Trial Term, New York County.