Philip E. Donlin, Plaintiff, *v.* B. W. Carlow and Others, Defendants.

Supreme Court, New York Special Term, May, 1923.

*Negotiable instruments — action on note given in pursuance of syndicate agreement — defense of usury must be specifically pleaded — right of assignee to maintain action — summary judgment for plaintiff.*

The defense of usury to an action upon a negotiable promissory note must be specifically pleaded and clearly proved and must not be left to inference and implication.

The assignee of a claim is entitled to maintain an action thereon as the real party in interest even though the assignment was made solely for the purpose of bringing suit.

In an action against the three makers of a joint and several negotiable promissory note payable on demand of the original payee, the answer of one of the defendants admitted all of the allegations of the complaint. The answers of the other two defendants admitted the allegations of the complaint except that each of said answers alleged as a defense that plaintiff was not the real party in interest and that the giving of the note to plaintiff's assignor was in pursuance of an usurious agreement in writing. The assignment of the note to plaintiff prior to the commencement of the action was expressly admitted by the answer of the first defendant and by lack of a denial thereof in the answers of each of the other defendants, and although the first defendant did not dispute that plaintiff had paid the full amount of the note in cash the other two defendants claimed that plaintiff did not pay full value upon the assignment of the note to him. All of the defendants admitted that the note was given in pursuance of a joint adventure and syndicate agreement among themselves and the first defendant swore of his own knowledge that the transaction was neither usurious nor was it intended so to be and the other two defendants admitted that their defense of usury was based solely upon that agreement. None of the defendants denied that on the day the joint adventure agreement was entered into they together received the full amount of the note as an advancement from plaintiff's assignor to be repaid on demand with six per cent interest in pursuance of the terms of the note and the joint adventure agreement. *Held*, that each of the

answers pleading usury raised no issue and in legal effect admitted that plaintiff was the real party in interest. Said answers, therefore, will be stricken out as sham and frivolous and, upon the admissions in the answer and affidavit of the other defendant, a motion by plaintiff for summary judgment, pursuant to section 476 of the Civil Practice Act and rule 113 of the Rules of Civil Practice, will be granted, with costs of the motion.

MOTION for summary judgment.

*Crocker, Johnson & Shores*, for plaintiff.

*T. F. Van Dorn*, for defendants.

BURR, J. This is a motion by the plaintiff for summary judgment pursuant to rule 113 of the Rules of Civil Practice and pursuant to section 476 of the Civil Practice Act authorizing the entry of judgment at any stage of the proceedings on the admissions of the defendants or any defendant and for judgment after striking out the answers of defendants Carlow and Robertson as sham. The action is to recover the principal and interest at the rate of six per cent per annum on a demand joint and several negotiable promissory notes for the sum of $10,000. The answer of J. L. Hill, who is jointly and severally liable with the defendants Carlow and Robertson on the note, admits all the allegations of the complaint. The answers of defendants Carlow and Robertson, respectively, admit the allegations of the complaint except that each of them alleges defenses that the plaintiff is not the real party in interest and that the giving of the note to the plaintiff's assignor was in pursuance of an usurious written agreement. All the defendants admit the execution and delivery on March 14, 1922, for value received of their joint and several demand negotiable note for $10,000, with interest at the rate of six per cent, payable to Wayne Johnson, the original payee, and the non-payment of the principal and interest thereof. All the defendants admit that the note, which is the subject of this action, was assigned and transferred to the plaintiff prior to the institution of this action. The defendant Hill does not dispute the fact that the plaintiff paid $10,000 in cash for the note; the defendants Carlow and Robertson dispute the consideration paid by the plaintiff for the assignment of the note to him. All the defendants admit that the note was given in pursuance of a joint adventure and syndicate agreement, dated March 14, 1922. The defendant Hill, who owned in his own right and the right of his principals, all the property which is referred to in the said agreement at the time of the execution of the agreement, swears of his own knowledge that the transaction was not and was not intended to be usurious. The other two defendants admit that their alleged defense of usury is based solely on the written agreement of March 14, 1922. The execution and delivery

of the assignment by the original payee of the note, Wayne Johnson, to the plaintiff on December 30, 1922, prior to the institution of this action on January 9, 1923, is expressly admitted on the part of the defendant Hill and is admitted by not denying on the part of the defendants Carlow and Robertson. The defendants Carlow and Robertson claim that the plaintiff did not pay full value for the note. It is the settled law of this state that no value is necessary for an assignment to constitute the assignee the real party in interest and to entitle him to maintain an action on an assigned claim, and that the plaintiff is the real party in interest even though the claim sued on was assigned to him solely for the purpose of bringing suit. *Hoppe* v. *Russo-Asiatic Bank*, 200 App. Div. 460, 465; *Birdsall* v. *Reid*, 188 id. 46; *Sheridan* v. *Mayor*, 68 N. Y. 30; *Osborn* v. *Hughes*, 128 App. Div. 128; *Brown* v. *Powers*, 53 id. 251. In *General Investment Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794; affd., 235 N. Y. 133, it was held that in an action to recover on five promissory notes an issue attempted to be raised in the answer by the defendant's denial of the present ownership of the note by the plaintiff was sham and that no issue whatever was raised thereby, and the court granted summary judgment under rule 113 of the Rules of Civil Practice. Therefore, it appears no issue is raised by the allegations of the defendants and that in legal effect the defendants admit the plaintiff is the real party in interest. None of the defendants deny that they together received the full $10,000 on March 14, 1922, as an advancement from the plaintiff assignor to be repaid on demand with six per cent interest in pursuance of the terms of the note and the written agreement, dated March 14, 1922. They admit that no part of the principal or interest has been paid. The burden of clearly alleging usury is on the defendant. Before holding a person guilty of usury such usury must be clearly and specifically alleged and found, and must not be left to inference and implication. *Brown* v. *Robinson*, 224 N. Y. 301, 318; *Guggenheimer* v. *Geisler*, 81 id. 293. The agreement of March 14, 1922, constitutes a joint venture and syndicate in the acquisition and disposal of properties located in Brazil. In *Orvis* v. *Curtiss*, 157 N. Y. 657, an action was brought to recover the interest on a note given in pursuance of an agreement of joint adventure. The defense was in substance a general denial, want of consideration and usury. In holding such agreement was not usurious the court said (p. 662): " It was a joint venture or partnership between two persons to deal in property in order to make profit. * * * An agreement between two parties to enter into a joint venture in the purchase or sale of stocks or other property is a very common transaction. The fact that one of them may have advanced the capital

and the other has agreed that, in consideration of such advance, he should participate more largely in the profits, does not convert such an agreement into a loan of money or conflict with the statute against usury. The contract is still one of partnership. \* \* \* The defense of usury involving crimes and forfeiture is not applicable to such transactions." After due consideration of all the pleadings, affidavits and exhibits submitted, the answers of defendants Carlow and Robertson are stricken out as sham and frivolous, and on the admissions of defendant Hill in his answer and affidavit the motion for judgment is granted, with costs and ten dollars costs of this motion. Settle order on notice.

Ordered accordingly.