THE NATIONAL BANK OF ROCHESTER, Plaintiff, *v.* ERION-HAINES REALTY COMPANY, GEORGE C. HAINES and BEDA H. HAINES, Defendants.

Supreme Court, Monroe Special Term, November 12, 1924.

Bills and notes — action to recover on promissory note transferred to plaintiff with other assets of bank at which note was discounted in return for which plaintiff bank assumed certain liabilities of discount bank — defendants allege mortgage was given plaintiff's assignors as collateral security for payment of note — assumption of liability by plaintiff constituted consideration for contract — plaintiff has valid title and may sue on note which it holds in same manner and to same extent enjoyed by its assignor — pleadings — answer — defendants may properly allege, as defense, agreement to hold mortgage as security for payment of note — motion for summary judgment and to strike out said defense denied.

In an action upon a promissory note delivered to the plaintiff and made payable to bearer by an indorsement in blank, as the result of a transfer of the assets

of the bank at which the note was discounted, it appears that in return for the acquisition of the assets, the plaintiff assumed certain liabilities of the discount bank; that the defendants' answer alleged that a certain mortgage was delivered to the discount bank under an agreement that the mortgage should be considered as collateral security for the payment of the note; and that prior to the commencement of this action the defendants offered to pay the note, provided the plaintiff would discharge the mortgage and deliver the bond and mortgage to the defendants.

*Held,* that the assumption by the plaintiff of certain liabilities of the discount bank constituted consideration for the contract by which there was delivered to it, among other property, the note in suit.

Plaintiff is entitled to sue upon the note, since it is the holder thereof in possession by reason of the delivery of the note under an indorsement in blank.

Plaintiff holds the note in the same manner and to the same extent as it was held by its assignor, and acquired no greater rights to the note than it would have obtained if there had been a consolidation of the banks.

Accordingly, the alleged defense as to the delivery of the mortgage as collateral security for the payment of the note is sufficient to put the parties to their proofs and to preclude the rendition of a summary judgment and, therefore, should not be stricken out.

MOTION by the plaintiff to strike out certain portions of the defendants' answer and also for a summary judgment.

*Hubbell, Taylor, Goodwin & Moser,* for the plaintiff.

*William J. Maloney,* for the defendants.

CUNNINGHAM, J. This action is brought to recover upon a promissory note made by the Erion-Haines Realty Company and indorsed by Mr. and Mrs. Haines. The note was discounted at the National Bank of Commerce. Thereafter the plaintiff acquired the banking house, the deposits and considerable of the assets of the National Bank of Commerce. The note in suit was transferred to it with the other property of the National Bank of Commerce.

The plaintiff moves to strike out certain portions of the defendants' answer and also for summary judgment.

The defendants in their answer allege that a certain mortgage was delivered to the National Bank of Commerce and that it was agreed that such mortgage should be considered as collateral security for the payment of the note in suit and that prior to the commencement of this suit defendants offered to pay the note, provided the plaintiff would discharge the mortgage and deliver the bond and mortgage to the defendants.

The plaintiff claims to be a holder of the note in due course and that it takes it free and clear of any agreement which may have existed between the National Bank of Commerce and the defendants.

The plaintiff made a contract with the National Bank of Commerce whereby there was transferred to the plaintiff most of the live assets of the old bank and in return therefor the plaintiff

assumed certain of the liabilities of the old bank. The defendants seek to attack plaintiff's title to the note upon the ground that the contract has not been ratified by the stockholders of the National Bank of Commerce. The assumption of liability by the plaintiff constitutes consideration for the contract.

The parties to the contract have acted under it and the assets of the National Bank of Commerce specified in the contract have been delivered to the plaintiff. The note in suit has been delivered to the plaintiff and it now has possession thereof. The note having been indorsed in blank, with no indorsee specified, it became payable to the bearer. Neg. Inst. Law, § 64. Thereafter it could be negotiated merely by delivery. Neg. Inst. Law, §§ 60, 64. Delivery is merely transfer of possession. Neg. Inst. Law, § 2.

A person who is in possession of a note payable to bearer is the holder thereof. Neg. Inst. Law, § 2. The plaintiff is in possession of the note in suit and is, therefore, the holder of it and may sue thereon in its own name. Neg. Inst. Law, § 90. Payment to the plaintiff discharges the instrument and protects the defendants against further recovery by the National Bank of Commerce or its representatives. Neg. Inst. Law, § 90.

The defendants being thus protected the plaintiff has the right to maintain an action upon the note in its own name and the defendants will not be permitted to litigate the validity of the transfer of the note or the contract between the plaintiff and the National Bank of Commerce. *Morrison* v. *Schmeman,* 166 App. Div. 264; *General Investment Co.* v. *Interborough R. T. Co.,* 200 App. Div. 794, 802; affd., 235 N. Y. 133.

It must be held in this action that the plaintiff has a valid title to the note in suit.

The note in suit thus acquired was not received in the usual course of business. The transaction was unusual and extraordinary. It became the duty of the plaintiff to investigate and to ascertain just what title it was receiving to the notes transferred to it. The securities held by the National Bank of Commerce were assigned to the plaintiff and it is probable that among these was the mortgage claimed by defendants to be held as collateral security. Certainly if that is so the plaintiff was put upon notice.

The contract between the plaintiff and the National Bank of Commerce recites that it was made for the purpose of combining certain assets of the National Bank of Commerce and the Traders National Bank. It seems to me that the plaintiff acquired no better rights to the notes transferred to it under this contract than it would have obtained if there had been a consolidation of the banks. Under the Federal statute, upon the consolidation of

two national banks, the new bank owns the property " in the same manner and to the same extent as was held and enjoyed by the national bank so consolidated therewith." 40 U. S. Stat. at Large, chap. 209, §§ 1, 2.

If state banks are merged it is provided that the " rights, obligations and relations " of any bank so merged " shall remain unimpaired, and the corporation into which it shall have been merged shall by such merger succeed to all such relations, obligations, trusts and liabilities." Banking Law, § 494.

Plaintiff undoubtedly is a holder of the note in suit, but I am of the opinion that it holds this instrument " in the same manner and to the same extent as it was held and enjoyed " by the National Bank of Commerce.

It does not seem possible that the plaintiff, when it acquired all the live assets of the two national banks and had the same transferred to it, could secure greater property rights to such assets than it would have received if the two banks had been consolidated to form the new corporation.

If, as the defendants allege, the mortgage was held as collateral security for the payment of the note, plaintiff may not recover thereon without surrendering the security. *Jenkins* v. *Conklin*, 146 App. Div. 301; *Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165.

Under these authorities it is proper for the defendants to allege in their answer that there was an agreement to hold the mortgage as collateral security for the payment of the note. If these facts are proved the right of the defendants to the mortgage may then be protected upon the trial of this case.

Furthermore, if the contract set up in the answer is proved, the plaintiff could not make a demand for the payment of the note without offering to return the collateral security, and the facts alleged would be a complete defense as to the indorsers. *Ocean Nat. Bank* v. *Fant*, 50 N. Y. 474.

If the contract alleged is proved and the tender set up is kept good it would serve to prevent the running of interest and the imposition of costs. *Halpin* v. *Phenix Ins. Co.*, *supra.*

Therefore, the third defense may not be stricken out and it is sufficient to put the parties to their proofs and to preclude the rendition of a summary judgment.

The separate defense set up in the 4th paragraph of the answer is stricken out as an insufficient defense.

The second defense is also stricken out for the reason that it does not state facts sufficient to constitute a defense in itself.

An order may be entered in accordance with this opinion, without costs to either party.