NORTH RIVER MORTGAGE CORPORATION, Plaintiff, *v.* 254 SIXTH AVENUE REALTY CORPORATION and Others, Defendants.*

Supreme Court, New York County, March 14, 1930.

---

*Breitbart & Breitbart* [*Bernard Breitbart* of counsel], for the plaintiff.

*Hyams & Hyams*, for 254 Sixth Avenue Realty Corporation, Selig and Rose Mandel, defendants.

*Seth V. Elting*, for Realty Secured Funding Corporation, defendant.

BIJUR, J. This is a motion to strike out of the answers certain denials as sham and frivolous under rule 103 of the Rules of Civil Practice and also to dismiss the defense and counterclaims pursuant to rule 109. The action is brought to foreclose a mortgage covering two parcels, Nos. 252 and 254 Sixth avenue, made by the corporate defendant. An answer is interposed on behalf of the corporate defendant and the two individuals, Selig and Rose Handel. There is an incidental controversy concerning the efficacy of certain denials, but apparently these have been interposed by defendants merely to avoid an implied admission that the mortgage referred to is a valid instrument, and no serious question will arise whether they be stricken out or allowed to remain, as the real question upon this motion concerns the defense of usury.

The defense is composed of allegations to the effect that on March 4, 1921, the defendant Rose was the owner of No. 252 Sixth avenue and was at that time indebted to the city of New York for unpaid taxes, and that the defendant corporation was similarly indebted in respect of No. 254 Sixth avenue; that in order to enable both defendants named to pay the respective taxes and certain installments of principal on their mortgages both defendants applied to plaintiff for loans; that plaintiff refused to make said loans unless application was made for one loan in the sum of $15,000

and " unless the said one loan was in appearance and form made solely to the defendant corporation;" that by reason of this demand " it was corruptly, illegally and usuriously * * * agreed by and between plaintiff and both said defendants that the defendant Rose should convey the property 252 Sixth avenue·to the corporate defendant without consideration and the plaintiff should lend and advance in fact to the defendant Rose and the corporate defendant, but in appearance and form to the corporate defendant only, the sum of $15,000, excepting and preserving therefrom the sum of $2,000 * * * and that for said loans there should be reserved as a corrupt, illegal and usurious bonus and as a corrupt, illegal and usurious interest for said loan the said sum of $2,000 over and above 6 per cent. per annum on the said alleged loan, and in addition thereto further interest at the rate of 6 per cent. per annum on $15,000, being in excess of the maximum lawful interest on the $13,000 actually to be paid by plaintiff (*sic*), and that the corporate defendant should as security " execute and deliver the mortgage for $15,000 in suit. The succeeding 14th paragraph alleges that this agreement was carried out as hereinbefore recited. The 15th paragraph alleges that the bond and mortgage are sham and fraudulent and were executed solely for the purpose of avoiding the usury laws. The 16th paragraph says that the moneys loaned by the plaintiff " in fact to the defendants Rose Handel and the corporate defendant," while in appearance and form to the corporate defendant only, were actually received and used by the said defendants respectively with the knowledge of the plaintiff for the benefit of the defendant Rose with respect to No. 252 and for the benefit of the corporate defendant with respect to No. 254 Sixth avenue.

Waiving the generality of the terms and allegations in construing the defense literally in favor of defendants and assuming this to be a statement that some of the money was in fact loaned to defendant Rose individually and some of it to the corporate defendant, but that in form it was made to assume the appearance of a single loan made to the corporate defendant alone, I think that a situation would have been described to which, so far as the loan to defendant Rose is concerned, the usury laws would apply. The authorities cited to this effect by defendants all center about the opinion of LEWIS, J., in *First National Bank of Brooklyn* v. *American Near East & Black Sea Line, Inc.* (119 Misc. 650): " The answer alleges that it was agreed between Samuel Clark Williams and the defendants that the corporation appear as maker and the individual defendants as indorsers; that in fact no money was loaned to the corporation, but the loan was to the individual defendants; and that it was all pursuant to a plan to evade the usury statute, because

the maker, being a corporation, would be unable, by reason of the statute, to avail itself of the defense of usury. The law is that, if there is notice of an intent to take usury, the lender cannot evade the statute by disguising the borrower. (*Grannis* v. *Stevens*, 216 N. Y. 583; *Schanz* v. *Sotscheck*, 167 App. Div. 202; *Gilbert* v. *Real Estate Co. of Brooklyn*, 155 id. 411.) The motion for judgment is denied."

It is quite possible that in a hasty reading of this simple statement of the correct rule the full implications of it are not apparent, namely, that if the money was loaned to the individual and not to the corporation, the individual and not the corporation is responsible for its repayment. Disregarding for the moment all obstacles arising out of rules of evidence or statutory requirements concerning the validity of agreements generally, there seems to be no reason why a loan apparently made to one person with the corelative apparent obligation of that person for its repayment, should not be shown to be in fact a loan to another with the subsequent obligation of that other person to repay the loan.

A clear perception of the true significance of the rule, however, brings out a fatal defect in the answer, namely, that a failure to indicate by specific averment what part of the loan was actually made to the individual and what part to the corporate defendant and whether the usury is referable to one or the other, renders the allegations without force. The defense of usury is not available in general terms, but must be shown to be definitely applicable to the transaction under attack. (*Brown* v. *Robinson*, 224 N. Y. 301; *Guggenheimer* v. *Geiszler*, 81 id. 293; *Donlin* v. *Carlow*, 120 Misc. 698; *Myers* v. *Wheeler*, 24 App. Div. 327; affd., 161 N. Y. 637; *Manning* v. *Tyler*, 21 id. 567.) While the defense of usury is available to the defendant Selig Handel as a subsequent lienor (*Union Dime Savings Institution* v. *Wilmot*, 94 N. Y. 221), any demand for affirmative relief by way of counterclaim must be accompanied by an offer to pay the amount actually advanced. (*Yormark* v. *Waldman*, 127 Misc. 748.) The separate defense and counterclaims are, therefore, dismissed. The motion, so far as it is addressed to the denials, is granted to the extent of striking out the denials contained in paragraphs 1, 2 and 4 of the answer. Settle order.