BERNE A. PYRKE, Commissioner of Agriculture and Markets, Plaintiff, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Defendant.

BERNE A. PYRKE, Commissioner of Agriculture and Markets, *v.* STANDARD ACCIDENT INSURANCE COMPANY and Another, Defendants.

Supreme Court, Albany County, June 21, 1932.

*Henry S. Manley, Counsel to the Department of Agriculture and Markets*, for the plaintiff in each case.

*Jay Leo Rothschild*, for the defendants

RUSSELL, J. These two actions were brought by Berne A. Pyrke, as Commissioner of Agriculture and Markets, pursuant to the provisions of article 20 of the Agriculture and Markets Law, as amended.▪ One action is against the Standard Accident Insurance Company alone, surety upon the bond of Olivet Bros., Inc., commission merchants, licensed and bonded under the provisions of said article 20; and the other action is against the same insurance company, as surety, and J. & G. Lippman, Inc., principal, also licensed and bonded commission merchants.

The defendant commission merchants in both actions are delinquent in the payment of their indebtedness to a large number of consignors of produce to such commission merchants for sale, and are bankrupts.

Both of these actions are predicated upon the law and procedure prescribed by section 247 of said article 20, as amended by chapter 454 of the Laws of 1928,▪ the second paragraph of which reads as follows: " In case of failure by a commission merchant to pay consignor creditors for farm produce received from said consignors to be sold on commission, or in case of the bankruptcy of, or the revocation of the license of, such commission merchant, or the discontinuance of the business of such commission merchant for any other reason, the commissioner shall proceed to ascertain the names and addresses of all consignor creditors of such commission merchant, together with the amounts due and owing to them by such commission merchant, by advertising in at least two commercial, agricultural or produce papers within the state at least once each week for a period of four weeks, notifying in such advertisement all such consignor creditors to file a verified statement of their claims with the commissioner within sixty days of the expiration of the period of notice, and that claims not filed during that time will not receive consideration. At the end of such sixty days the commissioner shall examine claims so filed and by certificate determine the amounts due upon them severally. He shall then bring an action on the bond which has been filed in the department by said commission merchant. For the purpose of such action the certificate of the commissioner of the determination of such claims shall be presumptive evidence of the facts therein stated."

The complaints and schedules annexed thereto show a large number of consignor creditors of these commission merchants, both within and without the State of New York, whose claims have not been paid; also the determination by the Commissioner of the amounts due upon such claims, and demand is made for judgment against the defendant surety company in one cause and the surety company and defendant Lippman in the other cause.

The right of the plaintiff to bring an action against the surety company without joining the principal on the bond has been determined by this Department on cross-appeals from two orders entered in the *Olivet Bros., Inc.,* case, which held that the principal and surety are jointly and severally liable and that either the principal or surety or both may be sued, so it is unnecessary for a further discussion of that question here. (*Pyrke* v. *Standard Accident Ins. Co.,* 234 App. Div. 133.) The reasoning and conclusion reached by the court in the case cited is adopted in these cases.

The proof shows that the preliminary procedure applicable to cases of this character, outlined in section 247 of the Agriculture and Markets Law, was followed by the Commissioner before the commencement of these actions. Upon the trial the plaintiff offered in evidence the Commissioner's certificate showing his determination of the amounts due upon each of the several consignor claims for which judgment is sought. Annexed to each certificate is the consignor's verified claim which the plaintiff contends is entitled to be received in evidence in connection with the certificate. The defendants objected to the reception of these verified claims or affidavits in evidence and in each instance decision was reserved. These certificates and claims annexed constitute plaintiff's case. No further proof was offered by either party. At the close of the evidence defendants' counsel moved for a dismissal of the complaints in both cases and decision was also reserved on these motions, for final determination after the submission of briefs.

Defendants' principal objection to the evidence is addressed to the admission of the affidavit annexed to the certificate in each instance and they earnestly urge that this evidence is hearsay, incompetent, immaterial and irrelevant and in violation of the common-law rules of evidence; that the defendants are deprived of their right of cross-examination if this character of evidence is admitted. The statute in question, and under which this evidence was offered, makes the " certificate of the commissioner of the determination of such claims * * * presumptive evidence of the facts therein stated." It thus establishes a rule of evidence, applicable in such cases, and shifts the burden of proof after the presumption is created. It is a salutary rule, created for the pur-

pose of enabling the Commissioner to prove his case against defaulting commission merchants without the undue hardship and burden of taking the deposition of each foreign claimant or bringing them into court upon the trial, an impracticable and costly undertaking. It can be overcome by evidence and it leaves it to the defendant to overcome the presumption arising. It is elementary that the Legislature has the power to establish such a rule of evidence, even though it may be in derogation of the common-law rule. But in this connection the question arises whether the affidavit of the claimant annexed to the certificate may properly be considered a part of the statutory certificate. If it is a part of the certificate it should be received in evidence, but if it is not then defendants' objection is well taken and should be sustained. There are certain material facts stated in the affidavit of each claimant which are not included in the certificate itself, but upon which the Commissioner must rely to make a determination. It is obvious from the wording of the Commissioner's certificate that he intended to make the affidavit of the consignor claimant a part of his certificate without incorporating therein the material facts shown by the affidavit. This seems to have been the practice of the Department from the origin of this statute.

Statutes should be construed with a view of giving force to the intent of the Legislature and not such construction made as will render them impotent. A reading of the whole of article 20 of the Agriculture and Markets Law leads irresistibly to the conclusion that it was the legislative intent to clothe the Commissioner with sufficient power to enforce the statute and he is in no way circumscribed in his duties, nor is he handicapped by directions as to his purely administrative functions. No form for the certificate of determination is set forth, but it is left to this officer to make such certificate as he deems proper to carry into effect the purpose of the law. A verified claim when thus made a part of the certificate loses its identity as an affidavit and becomes an integral part of the certificate.

The defendant commission merchants were granted a privilege by the statute and were doubtless aware of its full force and effect when they applied for a license to do business in this State as produce commission merchants.

Defendants' objections upon the trial to plaintiff's documentary evidence are overruled and the evidence is received, including such documentary evidence as is embraced in the stipulations of counsel made in open court and shown by the record.

Defendants' counsel has argued at great length that if article 20 is construed to include non-resident as well as resident consignors

it is unconstitutional, because it deprives the defendants of due process of law, of equal protection of the laws, and constitutes an interference with interstate commerce.

The statute under consideration does not attempt to regulate, control or interfere with interstate commerce. Manifestly it seeks to promote it. It furnishes a protection to foreign producers when dealing with a New York State commission merchant and assures payment to the producer for his consigned merchandise. It is not a needless intrusion upon the Federal jurisdiction or strictly a regulation of interstate commerce, but an ordinary police regulation entirely within the power of the Legislature to create. Moreover, it gives equal protection to foreign as well as domestic consignor creditors and it would be a perversion of the English language to construe this statute otherwise.

That portion of section 247 which has been quoted directs the Commissioner to advertise for *all* consignors to file a verified statement of their claims. It nowhere makes any distinction between resident and non-resident consignors. If that had been the legislative intent it would have been easy to express it. Having failed to do so, it is not for the courts to read some meaning into the statute that is not there, especially when there is no expression used therein indicative of such intent.

In an attempt to have this law construed so as not to include foreign consignors the defendants have cited chapter 204 of the Laws of 1932 as sustaining their contention. This amendment of the Agriculture and Markets Law confines the operation of the statute to resident producers and consignors. It seems, however, that this amendment has no force in sustaining defendants' contention that the statute before its amendment was limited to residents of this State only. It is on the contrary a strong indication that the former statute contained no such limitation.

There is a rule, supported by ample authority, that a material change in the phraseology of an act is generally regarded as a legislative construction that the law so amended did not originally embrace the amended provisions. (*People ex rel. West. F. I. Co.* v. *Davenport,* 91 N. Y. 574, 591.)

Moreover, when statutory changes take place after a considerable lapse of time and after the intervention of other sessions of the Legislature, it indicates an intention to supply some provision not embraced in the former statute. (*People ex rel. West. F. I. Co.* v. *Davenport, supra.*)

The constitutionality of the provisions of the statute involved in the cases at bar is not open to question by either the principal upon the bond or the surety company, for when these commission

merchants applied to the State for licenses the surety company executed its bond pursuant to section 246 of article 20 and thereby contracted to indemnify consignor creditors against loss when dealing with its principal. It is fair to assume that the producers did business with these principals and consigned their goods to them to be sold on commission on the faith of their undertaking. By the execution and delivery of the bond in each case, both the principal and surety company waived their right thereafter to question the constitutionality of the statute under which the bond was given.

It is well settled that an individual may waive even constitutional provisions for his benefit when no question of public policy or public morals is involved. (*Musco* v. *United Surety Company*, 196 N. Y. 459, 464.)

In the case cited the Court of Appeals held that " if the principal could and did waive any question of constitutionality of the act, the appellant cannot raise such question, for certainly its position as a surety for a consideration is not any stronger than that of its principal."

Defendants' motions directed to the pleadings and the sufficiency of the proof in each case are denied and plaintiff's motion for judgment as prayed for in the respective complaints is granted, with costs.

Either party may have an exception to each adverse ruling.