RICHARD VOM LEHN, JR., Plaintiff, *v.* GEORGE W. EGBERT, JR., and Others, Defendants.

Supreme Court, Kings County, September 8, 1932.

*Charles Goldenberg,* for the plaintiff.
*Samuel Okin,* for the defendant Moyer.

CUFF, J. Action to foreclose mortgage on real property. All defendants have defaulted except Albert Moyer, a subsequent lienor. His answer makes inconsequential denials generally on information and belief. They will have to be disregarded. He pleads usury, however, as a separate defense and as a counterclaim for the amount of his lien. May a defendant, not a party to the bond and mortgage, seek affirmative relief on the ground that plaintiff, mortgagee, exacted from the mortgagor a usurious rate of interest? The cases seem to answer this question in the affirmative. (*North River Mortgage Corp.* v. *254 Sixth Ave. Realty Corp.*, 136 Misc. 342; *Yormark* v. *Waldman*, 127 id. 748.) While usury may be raised as a defense by subordinate lienors, if they seek affirmative relief, they do so under section 377 of the General Business Law, an incident of which defense is a tender to plaintiff of the actual amount advanced. The usury charge not being supported by an offer to pay, or payment itself of the amount actually loaned, the counterclaim is insufficient. As a defense the pleading is too general. (*Donlin* v. *Carlow*, 120 Misc. 698.) Facts should be alleged. (*Myers* v. *Wheeler*, 24 App. Div. 327.)

Motion for judgment granted, without prejudice to Moyer to file amended answer within five days.