Rockwell Colaneri, J.
A hearing has been held for the assessment of damages against the defendant Adrian Crane against whom a judgment has been rendered. The action against defendant Margaret Crane has been severed.
The complaint served herein does not allege the date of default, but this is not fatal. A complaint generally will not be dismissed as insufficient for failure to state the time or place of a transaction alleged unless such fact is material and necessary to constitute a cause of action. Where a necessary fact is not stated the court may dismiss for insufficiency or it may require the pleading to be made more definite and certain (4 Carmody-Wait 2d, New York Practice, § 28:12). Here, although the complaint does not allege the date of defendant’s default, there is no question as to when it occurred, both sides having agreed that it occurred in July, 1972.
It appears that the first issue to be determined before the damages may be assessed is by what rule a credit refund is to be calculated. The defendant claims that the “ rule of 78’s ” is inapplicable because this is a default situation not a prepayment. The plaintiff argues that the same method *994 of computing the amount of interest is used whether the case involves a default or prepayment.
'Section 108 of the Banking Law is the applicable statute. Paragraph (e) of subdivision 4 governs prepayment providing that the amount of unearned interest shall be refunded, in the ratio that the sum of the unpaid balances bears to the sum of all the unpaid balances from the inception of the debt to maturity. This is the method known as the “ rule of 78 ”. The subdivision does not state whether this formula is to govern in the event of default.
Under the same sectiop, paragraph (c) of subdivision 4 provides for the method of determining the amount which may be charged as a fine in the case of default. This section does not provide an alternate means of ascertaining the rebatable amount of unearned interest.
The loan agreement in evidence contains the agreement between the parties. Paragraph A sets forth default and delinquency charges, in effect, paraphrases section 108 (subd. 4, par. [c]) of the Banking Law. Paragraph (c) basically restates section 108 (subd. 4, par. [en]). Paragraph (a) does not provide as defendant asserts the method for determining the amount of interest to be refunded. It provides the amount which may be charged as a fine.
Since under sections 305 and 408 of the Personal Property Law the rule for determining the amount of unearned interest to be refunded applies whether the situation is a prepayment or a default, and since there is no provision for making that determination under the Banking Law except section 108, this court finds that the “ rule of 78 ” is to be used where a default occurs as well as where the obligor seeks to prepay.
This court has not found any case directly in point. In Franklin Nat. Bank of Long Is. v. Capobianco (51 Misc 2d 30), a debtor defaulted and the bank sued the guarantor. The claim was made that the defendant was entitled to a setoff in the amount of unearned interest previously discounted. Plaintiff bank pointed out that section 108 (subd. 4, par. [e]) of the Banking Law provided only for a refund where the borrower wished to prepay the loan. The court relied on Illinois Steel Co. v. O’Donnell (156 Ill. 624) in which it was held that the amount of unearned interest represented by the advance payments must be deducted from the amount of recovery. Also, the court pointed out that the similar provisions of sections 305 and 408 of the Personal Property Law applied in default situations. It was determined that the defendant was entitled *995 to a credit refund in a default situation. While the court did not specifically direct how this refunded amount was to be obtained, it may be logically inferred that it is to be computed pursuant to the method set forth in section 108 (subd. 4, par. [e]), the “rule of 78”.
And in Chemical Bank v. Padilla (68 Misc 2d 503, mod. 71 Misc 2d 964) the New York City Civil Court held that to use the “ sum of the digits ” method for determining the amount to be refunded was clearly error since it resulted in the bank’s earning more than the statutory maximum rate of interest. The Appellate Term modified the judgment of the lower court holding that even though the statute (§ 108, subd. 4, par. [b]) set the rate of interest which could be discounted in advance, the statute also established the method by which a refund of that prepaid amount is determined (§ 108, subd. 4, par. [e]) and that if a higher rate of interest resulted to the bank, that was clearly the legislative intent.
Also in a recent text on Handling Consumer Credit Cases by Clark and Fonseca, in a section dealing with interest rebates, it is stated that the rule of 78’s applies not only to voluntary prepayments, but also to situations where the acceleration is due to default. (P. 67, § 20.)
As this court holds the “ rule of 78” is to be used, there remains only the mathematical computation of the amount of damages to be assessed against the defendant Adrian Crane.
The default apparently occurred in July, 1972. Both sides agree that nine payments had been made. However, the plaintiff bank claims it accelerated the balance in October, 1972, while the defendant claims that occurred in July, 1972. The import of this is that one of the factors in computing the amount to be rebated or set off is the number of months the contract has run. It would seem more equitable to use the number of months at the time of default not when the bank finally turns the matter over to its attorneys for action since the latter date would result in a smaller setoff thus an even greater rate of interest to the bank.
Since both sides agree that the default occurred in July this court accepts that date as the time from which to measure the number of months the contract had run. The term of the contract originally was 30 months beginning in October, 1971; from October to July is 10 months, so the second factor is 10. This results, according to the rebate chart used with the rule of 78% in a multiplicand of 45.16 by which the credit service charge is multiplied. The credit service or finance charge is *996 $495.94; the amount to be rebated is $213.97 on the finance charge. Then there is a refund on the accident and health insurance and life insurance which amounts to $67. These two sums ($213.97 and $67) are to be subtracted from the balance due at time of default. Beginning in October, 1972 nine payments of $115 each were made, thereby reducing the original amount of $3,450 to $2,415. Subsequently, defendant paid $500 further reducing the balance to $1,915 from which $280.97 must be subtracted leaving a balance of $1,634.03.
In addition to this amount the plaintiff is entitled to fines and late charges as provided by statute as well as the note and also to attorney’s fees pursuant to the note. The plaintiff in its schedule of amounts asks only for charges of $4.60 on the delinquent payment. Attorney’s fees of 20% are recoverable on the amount payable, $1,634.03, which comes to $326.80; and finally the plaintiff is entitled, under the terms of the agreement, to $10 costs. Thus the total amount due plaintiff is $1,975.43.
Judgment for the plaintiff against the defendant, Adrian A. Crane, in the sum of $1,975.43, with interest thereon from July 31, 1972, and together with the costs and disbursements of this action.